E. Hunt, *et ux.*, and Collena Hunt, a Widow, Appellants, v. Mrs. Nannie L. Covington, *et al.*, Appellees.

200 So. 76
Division A
Opinion Filed January 28, 1941

*Clayton J. Weir*, for Appellants;

*A. M. Roland*, for Appellees.

Buford, J.—The only question presented in this case is whether or not a husband making, executing and delivering a deed to his wife in which he attempted to convey "one-half undivided interest in and to the NE¼ of SE¼ of Section 21, Township 22 South, Range 24 East" thereby conveying such title as he had in such described land when the entire

title was then and theretofore vested in the husband and wife as an estate by the entireties.

The chancellor held in effect that the conveyance was effective to terminate the estate by the entireties and to lodge the unqualified fee simple estate in the wife.

It appears by the great weight of authority that the chancellor's adjudication in this regard was correct. Section 5670, C. G. L., which was Section 1 of Chapter 5147, Acts of 1903, provides that a husband may transfer real estate direct to his wife and by deed convey the legal title to such wife in all cases in which it would be effectual if parties were not so married.

It is not contended that this statutory provision is determinative of the question involved here because it is well settled that the husband could not convey his interest in an estate held by the entireties to a third party without the joinder of his wife in such conveyance but the statute is sufficient to authorize the husband to convey real estate to the wife without using the medium of conveyance to a third party as a conduit to pass the title from the husband to the wife.

In 30 C. J. 570, discussing estates by the entireties, it is said: "The husband may convey his title to the wife through a third person and under a statute permitting direct conveyance to a wife, the husband may convey the entire estate to her."

In support of this text see Enyeart v. Kepler, 118 Ind. 34, 20 N. E. 539, 10 Am. St. Reports 94; Hardwick v. Saliz, 46 Misc. 1, 93 N. Y. Sup. 265. In the latter case it was held that by the acceptance of the conveyance the wife manifests her consent to the transfer and the conveyance is effectual to vest the whole estate in her. To like effect

is Demerse v. Mitchell (Mich.), 154 N. W. 22. See also Capps, *et al.*, v. Massey, *et al.*, 199 N. C. 196, 154 S. E. 52.

Logic and reason supports the conclusion enunciated. No persons except the husband and wife have a present interest in an estate by the entireties when such estate is unencumbered by any lien existing prior to the creation of such estate and is unencumbered by any lien created jointly by the husband and wife after the estate by entireties came into being. It is not subject to execution for the debt of the husband. It is not subject to partition; it is not subject to devise by will; neither is it subject to the laws of descent and distribution. It is, therefore, an estate over which the husband and wife have absolute disposition and to which each, in the fiction of law, holds the entire estate as one person. Therefore, there appears to be no plausible reason why the law should not recognize as valid any formal agreement executed according to law whereby one spouse would be divested of his or her interest in such estate and the other be invested with the unqualified fee simple title.

The conveyance in this case evidenced the intent of the parties to divest the husband of all interest which he had in the property and to vest the fee simple title in the wife as her separate property subject to being held or disposed of by her, or, in case of her death intestate, to be governed by the laws of descent and distribution.

For the reasons stated, the decree is affirmed.

BROWN, C. J., WHITFIELD and ADAMS, J. J., concur.