MATHEWS, Justice.
This is an appeal from an order of the Circuit Judge in a supplementary proceeding wherein he determined that a certain aiito-mobile was transferred to the appellant by her husband after a suit was filed in the cause and within one year from the date of the issuance of execution, and that such automobile was fraudulently transferred “by the defendant to his wife to defraud creditors.”
Final judgment was entered on October 10, 1952, and the defendant was served with process on the 1st day of February, 1952. On the very day of such service the defendant transferred his automobile to his wife, Leah Dezen. Writ of execution was issued on December 11, 1952, and on the same day, pursuant to F.S. § 55.57, F.S.A., the plaintiff below, appellee here, filed a petition for rule to show cause requiring Leah R. Dezen to show why the automobile transferred to her as a gift on the day that her husband was served with summons in the common law action should not be set aside and held fraudulent as to the appellee. Rule to show cause was granted on. the 11th day of December, 1952, returnable to December 23, 1952, which was duly served, and the appellant filed her answer on December 22, 1952. Although, the answer was not filed until December 22, it shows that it was sworn to on the 19th day of December, 1952. In the answer to the rule to show cause the appellant contended that the automobile was purchased with her own money and that another automobile owned by her was traded in as a part-payment for the automobile in question and that she, herself, paid the balance in cash, and that her husband was acting as her agent in the transaction and took the title in his name without her knowledge and consent. She demanded a jury trial of the issues raised by her answer. No objection appears in the record to the hearing before the Circuit Judge on the answer to the rule to show cause until the filing of the motion for a new trial on January 2, 1953. All parties were present or represented by counsel at the time of such hearing on the answer to the rule to show cause. It also appears that in the motion *484 for a new trial, she claimed for the first time, dhat she was entitled to 1-5 days time within which to answer the rule nisi.
At the time of the hearing on the rule to show cause, the Circuit Judge had before him the answer of the appellant and title certificate to the automobile in question together with the application for change in ownership of the automobile and application for a new certificate. The application was signed and sworn to by Leah R. Dezen, the appellant herein, on the 21st day of February, 1952, and showed that there were no liens on the automobile in question and that the same was acquired “by gift” from Max Dezen. The trial Judge also had before him the application of Max Dezen, which was subscribed and sworn to by him on September 11, 1951, showing that he .liad purchased the automobile from C. D. Har-mondy Co. and that there were no liens, mortgages, etc., against the said automobile. The order of the Court, signed on the 29th day of December, 1952, and filed for record on December 30, 1952, among other things, contained the following:
“This pause coming on to be heard before me upon a Rule to Show Cause against Leah R. Dezen, wife of the defendant herein, the Answer to the Rule to Show Cause and also certain photostatic copies of Certificates of Title Application and Motor Vehicle Certificate of Title from the Motor Vehicle Commissioner, Tallahassee, Florida and after hearing argument of counsel and after being fully advised in the premises and it appearing to this Court in light of the Title Certificate of the State of Florida and the information incorporated therein concerning the record of a Certificate of Title of the State of Pennsylvania involving the same vehicle that the answer of the said Leah R. Dezen, the wife of the defendant herein, is not taken in good faith, it is
“Considered, ordered and adjudged that the certain 1951 Lincoln sedan, motor number 51 IP 12255 I, title number 285660 presently registered in the name of Leah R. Dezen and which automobile according to the records of the Motor Vehicle Commissioner of Florida was transferred from the defendant Max Dezen to the said Leah R. Dezen, his wife, after suit was filed in this cause and within one year from the date of issuance of execution by the Sheriff upon the final judgment rendered in this case, was fraudulently transferred by the defendant to his wife to defraud creditors and it is further
“Considered, ordered and adjudged that the transfer of the said vehicle which is the subject matter of this ■ supplementary proceeding is hereby set aside and rendered null and void and the same is hereby ordered and declared to be the property of the defendant Max Dezen for which let execution issue, and it is further
“Considered, ordered and adjudged that the Sheriff of Dade County is forthwith ordered to execute upon the said vehicle and apply proceeds from same upon the final judgment rendered in this cause:”
Two questions are presented by the assignments of error:
(1) Did the Court have power to enter the above mentioned order without a trial by jury when a trial by jury was demanded, and
(2) Was Common Law-Rule 32 violated because 15 days’ notice of trial was not given ?
There is evidently some confusion between F.S. §§ 55.52 through 55.54 and 55.57, F.S.A. F.S. § 55.52, F.S.A., provides that after execution has been placed in the hands of the sheriff and returned unsatisfied, the plaintiff may file in the Court from which the execution issued an affidavit affirming such facts and then the Court may appoint a Commissioner and examine the defendant concerning his property. With reference to such proceeding, F.S. § 55.53, F.S.A., requires 15 days’ notice before the time set for the examination of the defendant. F.S. § 55.54, F.S.A., provides for a comprehensive examination of the defendant concerning all of his business and financial interest which might tend to show what property the defendant has, etc. F.S. § 55.55, F.S.A., provides that the Judge may order any property of the judgment debtor not exempt from execution to be applied toward the satisfaction of the judgment debt.
*485 F.S. § 55.57, F.S.A., provides for a different situation from that covered by the other sections which have been discussed hereinabove. This section is limited to a case where it appears that any gift or other conveyance of any personal property has been made, executed, contrived, or devised by the defendant of fraud, covin, collusion or guile, to the end, purpose and intent to delay or defraud creditors, the Court shall enter an order that said gift or other conveyance of such personal property , be utterly void, frustra and with noneffect and shall direct the sheriff to take such property for the satisfaction of the execution. This section of the law is independent of the other sections above discussed.
There is no merit to the contention of the appellant that her constitutional rights were invaded because she did not have a jury trial. 30 F.S.A.Common Law Rule 31 does not apply. In the first place, this was a summary proceeding especially authorized by law and limited as above set. forth, and no trial by jury was required. In the second place, the trial Judge ruled that the answer to the rule nisi was not in good faith, and, in the third place, the summary proceedings provided for by F.S. § 55.57, F.S.A., also provides that after the sheriff shall have levied upon the property, any person may file claim and bond as provided for “in other cases where third persons claim property taken under levy.” If the appellant feels aggrieved and wishes to contest the findings and order of the Circuit Judge, she has ample opportunity to do so, even to the extent of demanding a jury trial upon genuine issues as to any material fact, if she will “file claim and bond as provided in other cases where third persons claim property taken under levy.” See Common Law Rule 43.
There is no merit to the claim that appellant’s constitutional rights were violated because Common Law Rule 32 was ignored. This rule is not applicable in this proceeding. This is a supplementary proceeding where no particular notice is required except that which is inherently necessary in order to safeguard the constitutional guarantee of due process. The rule to show cause set forth in detail the claims of the appellee and what the appellant would be required to meet. She was ordered to appear at a time fixed by the trial Judge and such order was duly served upon her. Pursuant to such, order., she filed her answer and appeared in Court. This constituted sufficient notice and due process.
Affirmed.
ROBERTS, C. J., and TERRELL and SEBRING, JJ., concur.