83 So.2d 847 (1955)
Hedwig MEYER, Appellant,
v.
Miriam FAUST, Appellee.
Supreme Court of Florida. Special Division A.
December 14, 1955.
Horton & Horton, Miami, for appellant.
Berman & McClosky, Miami, for appellee.
O'CONNELL, Justice.
The appellee Faust, plaintiff in the court below, obtained a judgment in a law action against Theodore Meyer, husband of the appellant, Hedwig Meyer. Upon return of execution nulla bona, supplementary proceedings were instituted by affidavit filed pursuant to Sec. 55.52, F.S. 1953, F.S.A., reciting only the facts with reference to the unsuccessful execution upon judgment against Theodore Meyer. The order issued by the court, however, and served upon the parties, directed both Theodore and his wife Hedwig, who had been co-defendant in the original cause but against whom no judgment was entered, to appear on a specified date "to be examined concerning the property of the defendant, Theodore Meyer."
The record contains an opinion of the court reciting that all parties were present at the hearing, represented by counsel, and gave testimony; that from all the evidence *848 the court "tended to believe" that a certain transfer of funds from Theodore to Hedwig, subsequently invested in properties held by them in tenancy by entirety, was fraudulent as to judgment creditors; and at that time the court told counsel "he would receive law and fact by virtue of a brief to show cause" why the transfer should not be voided and the property held amenable to execution as that of Theodore, individually. No response was made by the appellant, Hedwig Meyer, and after the lapse of time allowed an order and final judgment was duly entered, finding, among other things, that the transfer and investment of funds in question "was, and is, fraudulent as to the plaintiff, Miriam Faust, and [she] is entitled to levy execution upon the property "owned by appellant and her husband as an estate by entirety." A nunc pro tunc order subsequently modified or corrected that portion of the original order directing only that execution issue against properties of the defendant, Theodore Meyer, so as to permit execution "against the aforesaid properties of the defendant * * * said properties being in the names of Theodore Meyer and/or Hedwig Meyer * * * including the real estate, the furniture, fixtures and stock" in certain property involved, a restaurant.
The sole issue presented for decision upon this appeal from the above order relates to the jurisdiction of the court to proceed against appellant so as to adjudicate, on the basis of a finding of fraud, that property owned by her and her husband, in entireties, was subject to execution to satisfy a judgment against Theodore individually.
Such a property interest cannot, prima facie, be reached to satisfy the individual judgment debt or other obligation of either party under the law of this state. Hunt v. Covington, 145 Fla. 706, 200 So. 76. And it is equally clear from the cases construing Sec. 55.57, F.S. 1953, F.S.A., upon which the court depended in the instant case, that "no order directing the sheriff to take any property alleged to have been fraudulently transferred should be made on the prima facie showing contemplated by [the statute] unless every person whose rights may be affected thereby, and who is not already a party to the proceedings, be by said order impleaded and made a party thereto and afforded by the terms of said order full right to be heard and cited and directed to file an answer setting up his claim to the property within a reasonable time to be fixed by the order, a copy of which should be served upon him." Richard v. McNair, 121 Fla. 733, 164 So. 836, 841; Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483. The necessity for this requirement as an element of constitutional due process has been uniformly recognized, even in those decisions giving the most liberal construction to the statute in question. Dezen v. Slatcoff, Fla., 66 So.2d 483; Riley v. Fatt, Fla., 47 So.2d 769; State ex rel. Phoenix Tax Title Corporation v. Viney, 120 Fla. 657, 163 So. 57.
It will be noted from the facts in this case, detailed above, that the court below directed the order for proceedings supplementary against appellant as well as her husband, although the judgment creditor failed to implead her by affidavit initiating the proceedings. Even if the order, under these circumstances, could be considered sufficient to make appellant a party to the proceedings, it gives notice only of a proposed examination "concerning the property of the defendant, Theodore Meyer," (e.s.) and would not, therefore, contemplate an inquiry of the scope necessary to an adjudication of adverse interests under Sec. 55.57, supra. And, manifestly, the subsequent oral order to show cause by written brief on law and fact fell short of being an opportunity for "full and fair hearing" as contemplated by the requirement that parties other than the judgment debtor should be "given an opportunity to fully and fairly present their claims as parties entitled to a full and fair hearing after the making up of definite issues to be tried". Ryan's Furniture Exchange v. McNair, supra, 162 So. at page 487, and Dezen v. Slatcoff, supra.
*849 Therefore, the order and judgment appealed from is hereby reversed, insofar as it affects the interests of Hedwig Meyer in the properties mentioned therein.
DREW, C.J., and TERRELL and HOBSON, JJ., concur.