HORTON, Chief Judge.
The appellant, a judgment debtor, appeals from an order in supplementary proceedings which adjudged that certain improved real property as well as personal properties held in the names of the judgment debtor and his wife, were subject to execution and sale under the appellee’s judgment.
The appellant has raised four points upon which he relies for a reversal; however, we feel it necessary to discuss only one, i. e., whether or not the appellant’s wife, whose interests in certain real and personal property with her husband, the judgment debtor, were as estates by the entireties, had been accorded due process.
The order appealed from indicates that the court heard the testimony of the appellant and his wife, but nowhere does the order or record indicate that the wife was impleaded as a party to the proceedings, or that she was served with a copy of the affidavit initiating the supplementary proceedings.
In Meyer v. Faust, Fla.1955, 83 So. 2d 847, the identical situation appears to have existed as in the present case. In the Meyer case, a judgment was returned against the husband, execution thereon issued and returned unsatisfied, and an affidavit initiating supplementary proceedings against the husband was filed. The wife was subpoenaed as a witness to be examined concerning the property of her husband, and it developed that certain funds of the husband had been transferred to the wife and subsequently invested in real property held as a tenancy by the entireties. The trial judge there held that the transfer was fraudulent and void as to the judgment creditor, and authorized a levy of execution against the property held as a tenancy by entireties. The Supreme Court of Florida, in reversing, pointed out that a property interest such as a tenancy by the entireties cannot, prima facie, be reached to satisfy the original debt or obligation of either party under the laws of this state. See Hunt v. Covington, 145 Fla. 706, 200 So. 76. The court further held that unless a party, whose rights may be affected and who was not originally a party to the pro *792 ceedings, be impleaded and máde a party thereto and afforded a full right to be heard, such party would not have been accorded due process,
Inasmuch as the wife was not a party to tire original proceedings and had not been impleaded as a party, and accorded an opportunity to be heard, the order appealed from cannot be sustained. We do not infer that a wife cannot be interrogated in supplementary proceedings regarding the location and extent of her husband’s assets, but when her property rights will or may be affected by the supplementary proceedings, she must be impleaded as a party and afforded an opportunity to be heard upon the issue of her property rights. See §§ 5S.S2-5S.S7, Fla.Stat., F.S.A.
Accordingly, the judgment appealed from is reversed.
PEARSON and CARROLL, CHAS., JJ., concur.