139 So.2d 500 (1962)
James F. CRAWFORD and Crawford Construction Company, Inc., a Corporation, Appellants,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY, a Maryland Corporation, Appellee.
No. C-297.
District Court of Appeal of Florida. First District.
April 3, 1962.
*501 Eggart, Hoffman & Jones, Pensacola, for appellants.
Shell, Fleming & Davis, Pensacola, for appellee.
RAWLS, Judge.
James F. Crawford, defendant below, has appealed from an order entered by the Court of Record of Escambia County in a proceeding supplementary to a suit in which U.S. Fidelity and Guaranty Company (appellee) obtained a final judgment against James F. Crawford, individually in 1958.
James F. Crawford and his wife owned a dairy farm located in Escambia County, Florida, title to which was held as a tenancy by the entireties. They exchanged this dairy farm for a residence in Pensacola, Florida, and some $5,000 in cash, taking title to the real property as tenants by the entireties. In 1956, James F. Crawford, his wife, Eva Crawford, and his wife's mother, Mrs. Mallory H. Townsend, formed a corporation in the name of Crawford Construction Company. Mrs. Townsend paid for all of the capital stock issued by the corporation with her own funds. James F. Crawford at one time owned one share of the stock in the corporation, but divested himself of same prior to suit being entered against him by U.S.F. & G.
The supplementary proceedings were directed toward ascertaining any liabilities of Crawford Company to James F. Crawford which would be subject to levy for satisfaction of U.S.F. & G.'s judgment. Eva Crawford was not impleaded in the supplementary proceedings and was not a party to the main cause. Upon consideration of the testimony of James F. Crawford, the trial judge entered an order requiring Crawford Construction Company to file a statement under oath showing what funds it owed to James F. Crawford, individually, to the wife of James F. Crawford, or jointly to James F. Crawford and his wife; and further provided that one half of the aforesaid sum shall be subject to levy as an asset of James F. Crawford in payment of the judgment owned by U.S.F. & G.
The record reflects that Crawford Construction Company is indebted to James F. Crawford and his wife, Eva Crawford, as follows:
1. Funds advanced by the Crawfords in the form of a loan, the source of these funds being from the sale of the dairy farm (entirety property) and from a mortgage placed on their home in Pensacola (entirety property).
2. Accrued rent by Crawford Construction Company to the Crawfords for office space in their home (entirety property).
The question presented is whether funds derived from the voluntary sale, or rental of entirety property, or from a loan secured by a mortgage on entirety property, are subject to levy by a judgment creditor of the husband, individually.
Florida has long recognized that a tenancy by the entirety may exist in both real and personal property. The Supreme Court, in determining whether certain choses in action were entirety property, enunciated the test of such an estate in Bailey v. Smith:[1]
"The essential characteristic of an estate by the entirety is that each spouse is seized of the whole or the entirety, and not of a share, moiety, or divisible part. Each is seized per tout et non per my. There is but one estate, and, in contemplation of law, it is held by but one person."
*502 And the general rule, as stated in American Jurisprudence,[2] is that proceeds of real entirety property are held in tenancy by the entirety:
"In jurisdictions which recognize a tenancy by entirety in personal property, there is no question that an estate by the entireties exists in the proceeds or derivatives of real property held by entirety."
The Supreme Court has held that income or proceeds of the sale of real estate held by the entirety is entirety property held by the unity, but the husband and wife may contract for termination of the estate by the entirety in such proceeds or, they may divide the proceeds or profits received and retain the property itself as an estate by the entirety;[3] that rentals from real property held as an estate by the entirety are entirety property;[4] that even the conveyance of entirety property to a corporation does not divest it of its entirety character as between husband and wife, where the spouses are sole owners of the corporation.[5]
In Lerner v. Lerner[6] the husband and wife deposited cash earned by their separate endeavors in a savings bank in their names with right of survivorship and acquired jointly owned real estate. At the husband's request the wife executed the deed which conveyed the jointly owned real estate to a newly formed corporation the nature of which was not revealed to the wife. Without the knowledge or consent of the wife and without any consideration to her, the husband received therefor 46 shares of stock in his individual name which he transferred and delivered to his brother, Max Lerner, as a gift without consideration. The husband also withdrew funds from the bank account and without the knowledge and consent of his wife gave the same to his brother as a gift without consideration. The District Court of Appeal, Third District, sustained the trial court in its holding that the bank account and the real estate constituted an estate by the entireties which upon the death of the husband belonged to the wife. The court held that the estate was preserved in the stock since neither spouse may destroy the true purpose of the estate by attempting to convert it into one of severalty.
The trial court was in error when it attempted to adjudicate ex parte the rights of a third party (Eva Crawford) where such party was not impleaded nor a party to the main cause. Ryan's Furniture Exchange v. McNair[7] is a landmark case interpreting supplemental proceedings. There, the Supreme Court speaking through Mr. Justice Davis, stated:
"In proceedings supplemental to execution under the Florida statutes, due process of law must be observed wherever rights of third parties are required to be adjudicated, and, in order to adjudicate the rights of such third parties, they must be made actual parties to the proceedings, either by their own voluntary intervention or by the service of an appropriate rule nisi upon them requiring them to appear and show cause why their asserted claims to disputed assets in their hands, possession, or control should not be inquired into and held to be voidable as to the plaintiff in execution who is seeking to reach such disputed assets in order to satisfy his judgment against his judgment *503 debtor whose assets he claims they in reality are."
And in Meyer v. Faust,[8] the Supreme Court reiterated the principle of due process in construing Sections 55.52 and 55.57, F.S. 1953. There a judgment creditor of the husband brought supplemental proceedings, and without the wife being impleaded, the trial court ordered husband and wife to appear for examination.
After examination of the husband and wife the trial court found that a transfer of funds from the husband to the wife was fraudulent and that the real and personal property purchased with such funds was subject to execution to satisfy a judgment against the husband individually. The Supreme Court in setting aside the order of the trial court, held:
"Such a property [entirety] cannot, prima facie, be reached to satisfy the individual debt * * * of either party under the law of this state. Hunt v. Covington, 145 Fla. 706, 200 So. 76. And it is equally clear from the cases construing Sec. 55.57, F.S. 1953, F.S.A., upon which the court depended in the instant case, that `no order directing the sheriff to take any property alleged to have been fraudulently transferred should be made on the prima facie showing contemplated by [the statute] unless every person whose rights may be affected thereby, and who is not already a party to the proceedings, be by said order impleaded and made a party thereto and afforded by the terms of said order full right to be heard and cited and directed to file an answer setting up his claim to the property within a reasonable time to be fixed by the order, a copy of which should be served upon him.' Richard v. McNair, 121 Fla. 733, 164 So. 836, 841; Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483. The necessity for this requirement as an element of constitutional due process has been uniformly recognized, even in those decisions giving the most liberal construction to the statute in question."
It being undisputed in the instant cause that the funds owed by Crawford Construction Company constitute funds derived from sale, mortgage and rental of entirety property, and the record being devoid of anything which could be construed as a termination by the husband and wife of the entirety character of the funds involved, the only conclusion that can be reached under the law of this jurisdiction is that the funds ordered to be levied upon are held by the husband and wife as a tenancy by the entirety.[9] The trial court was in error in attempting to subject one-half of the funds so held as being available to the husband's judgment creditor for levy.
The trial court was correct in impleading Crawford Construction Company and allowing U.S.F. & G. to delve into its financial dealings with James F. Crawford in the supplementary proceeding, and was well within its proper sphere in ordering Crawford Construction Company to file its statement under oath showing what funds said corporation owed James F. Crawford, individually, and subjecting same to levy by the judgment creditor.[10]
Therefore, the order appealed is hereby reversed insofar as it affects the funds derived from sale, mortgage and rental of entirety property or the property of Eva Crawford individually.
WIGGINTON, Acting C.J., and STURGIS, J., concur.
NOTES
[1] Bailey v. Smith (1925) 89 Fla. 303, 103 So. 833, 834; 64 A.L.R.2d 62.
[2] 26 Am.Jur., Husband & Wife, § 77, p. 702.
[3] Dodson v. National Title Insurance Co., 159 Fla. 371, 31 So.2d 402 (1947).
[4] White v. White, 42 So.2d 710 (Fla. 1949).
[5] Lamoureux v. Lamoureux, 157 Fla. 300, 25 So.2d 859 (1946).
[6] Lerner v. Lerner, 113 So.2d 212 (Fla. App. 1959).
[7] Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483, 487, 488 (1935).
[8] Meyer v. Faust, 83 So.2d 847, 848 (Fla. 1955); See also Kornberg v. Krupka, 118 So.2d 790 (Fla.App. 1960).
[9] Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941).
[10] Riley v. Fatt, 42 So.2d 769 (Fla. 1950).