170 So.2d 52 (1964)
Roy F. FRANCE, Sr., trading and doing business as Roy F. France and Son, Appellant,
v.
Joe HART also known as Herman Josephart and as Joseph Hart Bella Hart, Leon Garfield, Edith Held Cooper, and Hart Properties, Inc. a Florida corporation, Appellees.
No. 64-455.
District Court of Appeal of Florida. Third District.
December 22, 1964.
Rehearing Denied January 13, 1965.
Robert C. Lane, Miami, for appellant.
Milton R. Wasman, Miami, and Edith Held Cooper, Miami Beach, for appellees.
*53 Before CARROLL, TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
Appellant is the owner of a Ten Thousand Dollar judgment against the appellee  Joe Hart. Appellant instituted this suit in the nature of a creditor's bill, seeking to require satisfaction of his judgment. Joe Hart lives with his wife in a home valued at approximately Two Hundred Thousand Dollars, drives a Cadillac automobile, receives an annual salary of Sixty-seven Thousand Dollars and owns, with his wife, a one-half interest in the Castaways Motel, valued at approximately Three Million, Five Hundred Thousand Dollars. In spite of this patent financial ability, on the part of the judgment debtor, to meet this obligation, the creditor alleges in his complaint that he is unable to satisfy his judgment.
The salary is not subject to garnishment, attachment or other process directed to the satisfaction of judgments by virtue of § 222.11 Fla. Stat., F.S.A.[1] The other property referred to above is held by the judgment debtor in an estate by the entirety and is similarly not available to answer for the judgment debts of one of the tenants individually.[2]
The chancellor dismissed the complaint, and the plaintiff brings this appeal claiming error on the chancellor's part. We agree and reverse.
Appellee urges as the basis for dismissal of the complaint that there was no allegation in the complaint of the specific property which the plaintiff is seeking to reach. We agree that this is a necessary allegation for a creditor's bill to contain,[3] but we do not agree that it is not present in the instant complaint. When the court speaks in terms of specific property, it means property capable of identification.
In his complaint, appellant alleged that the defendants had engaged in a fraudulent conspiracy to divert corporate funds and to use the corporation as a shield by which to defraud creditors. This was a sufficient allegation to fulfill the requirement of pleading a good cause of action.[4]
Since the complaint stated a good cause of action, the trial court's order of dismissal constituted reversible error, therefore, the judgment appealed is reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
NOTES
[1] Noland Co. v. Linning, Fla.App. 1961, 132 So.2d 802 outlines the judicial development in support of the statutory exemption.
[2] Meyer v. Faust, Fla. 1955, 83 So.2d 847; Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941); Crawford v. U.S. Fidelity & Guaranty Co., Fla.App. 1962, 139 So.2d 500.
[3] Hewitt v. Punta Gorda State Bank, 108 Fla. 39, 145 So. 883 (1933).
[4] See Riesen v. Maryland Casualty Co., 153 Fla. 205, 14 So.2d 197 (1943); Taylor v. Jones, 112 Fla. 234, 150 So. 254 (1933); Armour Fertilizer Works v. First Nat. Bank, 87 Fla. 436, 100 So. 362 (1924).