PER CURIAM.
The suggestion presented to us upon application for the writ of prohibition alleges that the respondent, circuit judge, has ordered relator’s property sold to satisfy a judgment against her husband. The record in support of the petition reveals the following facts:
(1) Final judgment was entered against relator’s husband, Jack O’Dare. Relator was not a party to the action.
(2) Proceedings supplemental to execution were instituted pursuant to Chapter 55, Fla.Stat. 1963.
(3) A commissioner was appointed, and he took testimony including that of the relator who was subpoenaed.
(4) Relator was not impleaded in the proceedings supplemental to execution.
(5) The commissioner found:
“The testimony revealed that the Defendant was the owner of the majority of the capital stock of Florida Horse Transport, Inc., formerly O’Dare’s Horse Transport, Inc., which the Defendant claims to have transferred to his wife at some time many years ago. The date of such transfer is now unknown to him.
“The evidence in support of this transfer is the statement of the Defendant’s wife that she is the sole stockholder of this corporation, having received her stock as transferee from her husband, *269 and his statement that he made such a transfer. The only written evidence is an Amendment to the Certificate of Incorporation of O’Dare’s Horse Transport, Inc. changing its name to Florida Horse Transport, Inc., on the face of which document the Defendant’s wife is designated as ‘sole stockholder.’ This document is dated November 15th, 1961, but was not filed with the Secretary of the State of Florida until March 26th, 1962, both dates being subsequent to the institution of this action by the Plaintiff against the Defendant.
“The Minute Book, Stock Book and Stock Transfer Ledger of the corporation were not produced for examination to substantiate the alleged transfer, nor was the Stock Certificate itself, nor any document in the nature of an Assignment.
“The Defendant testified that his wife had never seen the Stock Certificate and he himself has not seen such certificate during the past fifteen (15) years and that he does not know who has possession of such stock certificate now, but does know that it is not in his wife’s possession.
“The officers and directors of Florida Horse Transport, Inc., formerly O’Dare’s Horse Transport, Inc., are Michael Puig-gi, President and Director; Angela Puig-gi, his wife and a sister of the Defendant’s wife, Vice President and Director; and Beatrice O’Dare, the Defendant’s wife, Secretary-Treasurer and Director and alleged ‘sole stockholder’, all of whom testified that they do not know of the whereabouts of the books and records of the corporation and it appeared from their testimony that they knew little, if anything, about the corporation’s business. Their testimony indicated that they perform no managerial duties, serve without compensation and their designation as officers and directors had no effect in respect of the day to day operations of the business of the corporation. It is evident that the effective control of the corporation never passed from the Defendant to the Defendant’s wife as the result of the alleged transfer of his stockholdings and, in fact, the testimony indicates that the business of the corporation has continued in the same fashion from the time of its incorporation to date.
“In addition to the foregoing, the Defendant’s wife testified that the alleged transfer of said capital stock was without any consideration passing from her to the Defendant.
“It is the conclusion of the Commissioner that the alleged transfer of the capital stock of Florida Horse Transport, Inc. from the Defendant to his wife was not a bonafide transfer and cannot defeat the rights of the Judgment-Creditor in this action.”
The property of a judgment debtor in the hands of a third party may be ordered sold to satisfy the judgment. See § 55.55, Fla.Stat., F.S.A.1963. But when a third party claims adversely to the plaintiff in execution as well as to defendant in execution, no right of such third party may be cut off by an order of court made in proceedings supplementary to execution, unless such third party is first fully impleaded. Ryans Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (1935). See also Meyer v. Faust, Fla. 1955, 83 So.2d 847, Kornberg v. Krupka, Fla.App. 1960, 118 So.2d 790; Tomayko v. Thomas, Fla.App.1962, 143 So.2d 227.
It has been determined by the District Court of Appeal, Second District, in Rehrer v. Weeks, Fla.App.1958, 106 So.2d 865, that where there is no dispute as to the jurisdictional facts, prohibition will lie to restrain proceedings in a suit where jurisdiction has never been acquired over a party through service of process or voluntary appearance.
The writ has been properly issued.