279 So.2d 883 (1973)
I. David BALDING, Also Known As Ivor David Balding, and Claude L. Balding, His Wife, Appellants,
v.
Bernard R. FLEISHER and Frances H. Fleisher, His Wife, Appellees.
No. 72-870.
District Court of Appeal of Florida, Third District.
June 19, 1973.
Rehearing Denied July 23, 1973.
Shapiro, Fried, Weil & Scheer, Miami Beach, for appellants.
Irving Mark Wolff, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
HENDRY, Judge.
Appellants were sued in Florida by an attorney for legal services rendered and the attorney obtained a judgment against them. Subsequent to final judgment the appellant husband filed a Chapter XI proceeding in the Bankruptcy Court in New York. A restraining order was issued enjoining all parties from execution on the property of the appellant husband. One year later, while the restraining order was still in effect, the judgment creditor directed the sheriff to levy upon property owned by the appellants in Florida and held by them as tenants by the entireties. The property was duly advertised and sold to the appellees herein at a judicial sale and their title was confirmed. Subsequently, *884 the appellant husband challenged the judgment entered against him due to an invalid service of process. The trial court held the judgment entered against the husband to be null and void and this court affirmed that finding. Kaplan v. Balding, Fla.App. 1972, 265 So.2d 752. Appellants, thereupon, brought this action to set aside or vacate the judicial sale on two grounds: (1) that the judicial sale was a nullity since it was based on a void judgment; and (2) since it was held in violation of the Federal court restraining order. The lower court dismissed appellants' amended complaint with prejudice. We reverse.
Appellants allege the same two grounds relied on below as grounds for reversal. Appellees have cross-appealed the trial judge's denial of their motion to strike the complaint as a sham. Our determination of appellants' first point makes consideration of their second point unnecessary, as well as consideration of appellees' point on cross-appeal.
Appellees argue that the judgment entered against the appellant husband herein was only voidable and not void due to the failure of the court to obtain jurisdiction over him by proper service. Initially, we note that such an argument cannot be properly made in the case sub judice since our prior decision in the case of Kaplan v. Balding, supra, affirmed a lower court order holding the judgment against appellant husband to be "null and void". Moreover, we have previously held that failure to effectuate proper service on a defendant, and a default judgment entered thereon, is a void judgment and may be set aside or vacated at any time. Outler v. Berman, Fla. App. 1970, 234 So.2d 724.
Once it is established that the judgment rendered against the appellant husband was void, the only valid judgment remaining was against the appellant wife. It is well established in Florida law that property held as a tenancy by the entireties cannot be made available to answer for the judgment debts of one of the tenants individually. France v. Hart, Fla.App. 1964, 170 So.2d 52; Crawford v. United States Fidelity & Guaranty Co., Fla.App. 1962, 139 So.2d 500; Winters v. Parks, Fla. 1956, 91 So.2d 649; Meyer v. Faust, Fla. 1955, 83 So.2d 847; Hunt v. Covington, 145 Fla. 706, 200 So. 76.
Appellees, as purchasers of the property at a judicial sale, are generally subject to the doctrine of caveat emptor. As such, the purchaser at a sheriff's sale acquires only just such interest as the debtor may have in the land. Bradley v. Forbs, 116 Fla. 350, 156 So. 716; Gracy v. Fielding, 71 Fla. 1, 70 So. 625. As was previously noted, the interest of the judgment debtor herein, the appellant wife, was an estate by the entireties and not capable of being the object of satisfaction for the debt of one of the tenants alone. Thus, the interest of the judgment debtor could not pass by the sale. Moreover, a judicial sale made under a void decree, as where there are fatal jurisdictional defects, confers no title on the purchaser at the sale. 50 C.J.S. Judicial Sales § 41; 47 Am.Jur.2d, Judicial Sales § 261.
Therefore, the order of the trial judge, dismissing appellants' amended complaint to set aside the sheriff's sale with prejudice was erroneous and must be reversed. Accordingly, the order dismissing appellants' complaint with prejudice is hereby reversed and remanded with directions to reinstate the cause and hold such further proceedings as are necessary, in conformity with this opinion. The denial by the trial judge of appellees' motion to strike is hereby affirmed.
Affirmed in part and reversed in part and remanded with directions.