340 So.2d 1291 (1977)
ART ADVERTISING CO., INC., a Corporation, Appellant,
v.
The ASSOCIATED PRESS, a Corporation, Appellee.
No. 75-1797.
District Court of Appeal of Florida, Second District.
January 5, 1977.
Michael D. Martin, of Martin & Martin, Lakeland, for appellant.
Lester Bales, Jr., Zephyrhills, for appellee.
GRIMES, Judge.
This is an appeal from an order entered in connection with supplemental proceedings directing a levy upon certain joint accounts.
Appellee (Associated Press) obtained a judgment against appellant, Art Advertising Co., Inc. (Art Advertising), for $3,500.70 *1292 plus costs. Upon the return of an unsatisfied execution against Art Advertising, Associated Press obtained an order appointing a special master and requiring Robert A. Artabasy, the former president of Art Advertising, to appear before the special master and give testimony in supplementary proceedings pertaining to the business and property of Art Advertising.
The special master held a hearing at which Mr. Artabasy gave testimony. The special master then entered an order finding that subsequent to the entry of the judgment, Art Advertising sold its property, to wit: a radio station, without execution of a Bulk Sales Law affidavit and immediately commenced proceedings for dissolution of the corporation. The master further found that the proceeds of the sale were placed in the trust account of Art Advertising's attorney and then turned over to Mr. Artabasy who placed them in a joint bank account with his wife in a Dade City bank. Finally, the master found that Mr. Artabasy then paid off certain corporate expenses as well as some ostensible debts of the corporation to his relatives. The balance of the funds were transferred to two joint accounts in the Exchange Bank of Winter Haven and a joint account in Winter Haven Federal Savings & Loan Association. The master recommended that Mr. Artabasy be held personally liable for the judgment.
Pursuant to the motion of Associated Press, the court then entered an order approving the master's report and directing the levy upon the three joint accounts of Robert A. Artabasy and Phyllis Artabasy, his wife, for the amount owing to Associated Press. While not parties to the suit, Robert A. Artabasy and Phyllis Artabasy joined Art Advertising in an appeal from this order.
We are compelled to reverse because the joint accounts of Mr. and Mrs. Artabasy are being subjected to levy by virtue of a proceeding in which neither of them has ever been joined as parties. Section 56.29, Florida Statutes (1975), specifically authorizes the court to require Mr. Artabasy to appear before a special master to give testimony concerning the corporation's property. However, when it was developed that the corporation's property had been transferred to third parties, it became necessary to join those third parties in the proceeding.
The case of Meyer v. Faust, 83 So.2d 847 (Fla. 1955), is precisely on point. There, the plaintiff obtained a judgment against Meyer. Upon return of execution nulla bona, supplementary proceedings were instituted whereby Meyer and his wife were directed to be examined concerning the property of Meyer. After hearing the testimony, the court concluded that Meyer's investment of certain funds into property held by Meyer and his wife as tenants by the entireties was fraudulent as to the plaintiff. The court entered an order permitting Meyer's judgment debt to be collected by execution upon the entireties property. On appeal, the Supreme Court reversed because Meyer's wife had not been impleaded as a party to the proceedings. The court said:
"... And it is equally clear from the cases construing Sec. 55.57, F.S. 1953, F.S.A., upon which the court depended in the instant case, that `no order directing the sheriff to take any property alleged to have been fraudulently transferred should be made on the prima facie showing contemplated by [the statute] unless every person whose rights may be affected thereby, and who is not already a party to the proceedings, be by said order impleaded and made a party thereto and afforded by the terms of said order full right to be heard and cited and directed to file an answer setting up his claim to the property within a reasonable time to be fixed by the order, a copy of which should be served upon him.' Richard v. McNair, 121 Fla. 733, 164 So. 836, 841; Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483. The necessity for this requirement as an element of constitutional due process has been uniformly recognized, even in those decisions giving the most liberal construction to the statute in question. Dezen v. Slatcoff, Fla., 66 So.2d 483; Riley v. Fatt, *1293 Fla., 42 So.2d 769; State ex rel. Phoenix Tax Title Corporation v. Viney, 120 Fla. 657, 163 So. 57.
"It will be noted from the facts in this case, detailed above, that the court below directed the order for proceedings supplementary against appellant as well as her husband, although the judgment creditor failed to implead her by affidavit initiating the proceedings. Even if the order, under these circumstances, could be considered sufficient to make appellant a party to the proceedings, it gives notice only of a proposed examination `concerning the property of the defendant, Theodore Meyer,' (e.s.) and would not, therefore, contemplate an inquiry of the scope necessary to an adjudication of adverse interests under Sec. 55.57, supra. And, manifestly, the subsequent oral order to show cause by written brief on law and fact fell short of being an opportunity for `full and fair hearing' as contemplated by the requirement that parties other than the judgment debtor should be `given an opportunity to fully and fairly present their claims as parties entitled to a full and fair hearing after the making up of definite issues to be tried.'..."
See also Codomo v. Emanuel, 91 So.2d 653 (Fla. 1956); Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 162 So. 483 (1935); Crawford v. United States Fidelity and Guaranty Co., 139 So.2d 500 (Fla. 1st DCA 1962).
REVERSED and REMANDED.
HOBSON, Acting C.J., and SCHEB, J., concur.