ROBERT SMITH, Acting Chief Judge.
Appellee Dyar could reasonably have been found by the trial court to have an insurable interest either because the corrective deed was effective as against someone in the insurer’s position, cf. Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941), or because appellee Dyar had an insurable interest as mortgagor or otherwise. Section 627.405(2), Florida Statutes (1975); Aetna Ins. Co. v. King, 265 So.2d 716 (Fla. 1st DCA 1972). The trial court could also have properly found that appellant is es-topped, by having issued a policy naming the insured as it did, from asserting the forfeiture that would result from denying appellee Sumatra recovery for loss of contents. Appellees’ motion for attorneys’ fees on appeal is GRANTED, the amount to be determined by the trial court.
AFFIRMED.
ERVIN and LARRY G. SMITH, JJ., concur.