409 So.2d 178 (1982)
ELLIS SARASOTA BANK & TRUST COMPANY, Appellant,
v.
John NEVINS, Appellee.
No. 81-1320.
District Court of Appeal of Florida, Second District.
January 29, 1982.
*179 Charles D. Bailey, Jr. of Williams, Parker, Harrison, Dietz & Getzen, Sarasota, for appellant.
James E. Aker of Icard, Merrill, Cullis, Timm & Furen, P.A., Sarasota, for appellee.
CAMPBELL, Judge.
Ellis Sarasota Bank & Trust challenges an order dissolving its writ of garnishment which attached appellee's checking account with the National Bank of Sarasota.
On March 20, 1980, appellant filed a complaint against appellee Nevins, based on a promissory note which he had personally endorsed. On April 21, 1980, appellee and his wife opened a checking account which they held as tenants by the entireties at the National Bank of Sarasota. Appellee, who is a pilot flying mainly international flights, is based at John F. Kennedy Airport in New York City although he lives in Sarasota. His paychecks are issued from Kansas City, Missouri, and he may either pick them up in New York or have them mailed to him or the bank of his choice. After opening the account with his wife, appellee elected to have his checks mailed to that account. The record is silent as to where his wages were sent prior to the opening of the account.
On April 2, 1981, appellant garnished appellee's entireties account in an attempt to partially satisfy the judgment it had obtained on the promissory note. On that date the account contained $2,214.92. As far as the record reveals, all of the funds in the account were wages paid by appellee's employer except for $163.35 in travel reimbursement. Appellee moved to dissolve the writ of garnishment, alleging that because he was head of a family and because the money had been paid directly to the bank account by his employer for his personal labor and services, it was exempt from garnishment under section 222.11, Florida Statutes (1979). Appellant then filed a motion to implead appellee's wife, Carol Nevins, in the garnishment proceedings, alleging that she claimed an interest in the garnished bank account. After two hearings the court dissolved the writ. The court's order contains no findings of fact.
Appellant raises two issues for our consideration. It argues that the court erred in ruling that the wages of a head of a family are not subject to garnishment after they are paid by the employer. We agree. Hertz v. Fisher, 339 So.2d 1148 (Fla. 1st DCA 1976). The trial judge here seemed to lay great emphasis on what he perceived to be the intent of the legislature to protect money that is the result of wages earned by the head of a household. In following that perceived legislative intent, he concluded that section 222.11 continues to provide an exemption when the wages leave the protected hands of the employer and go directly into another resting place not normally subject to garnishment. Nevertheless, section 222.11 does not afford such protection. It does little more than protect an employer from the harassment of garnishment actions for employees' debts.
*180 The second issue raised by appellant is whether the deposit of a husband's wages into an entireties account may constitute a fraudulent transfer as to the husband's judgment creditors. The answer to that broadly framed question is that such a deposit into an entireties account may, but will not necessarily, constitute a fraudulent transfer. Only when the transfer of wages from the employer into the new resting place is clothed with fraud may those wages be reached upon a proper proof and showing of that fraud. The trial court never reached this issue, and there was no proof of fraud offered by appellant other than appellee's establishment of the entireties account and his transfer of wages into the account after appellant filed its complaint. On the other hand, appellee offered no proof to show that the transfer was free of fraud.
Many circumstances which we are unable to address here enter into a determination of whether fraud exists. The sole fact of a transfer into an entireties account will not always be sufficient evidence of such fraud. Among some factors to consider are how long did the entireties account exist, what was its purpose, did a previous entireties account exist, and were all the funds in the account from one source.
In addition to showing fraud, a plaintiff must join both tenants in the proceedings before an entireties account can be made available to answer for the judgment debts of one of the tenants individually. Meyer v. Faust, 83 So.2d 847 (Fla. 1955); Hunt v. Covington, 145 Fla. 706, 200 So. 76 (Fla. 1941); Art Advertising Co. v. Associated Press, 340 So.2d 1291 (Fla. 2d DCA 1977); Balding v. Fleisher, 279 So.2d 883 (Fla. 3d DCA 1973); Kornberg v. Krupka, 118 So.2d 790 (Fla. 3d DCA 1960). Here, the record is silent as to whether appellant's motion to implead appellee's wife was ruled on.
Accordingly, we reverse the order of the trial court and remand with instructions to reach the issues of the proper joinder of appellee's wife in the proceedings and possible fraud in the transfer of appellee's wages into the entireties account.
HOBSON, A.C.J., and GRIMES, J., concur.