510 So.2d 1127 (1987)
Robert J. MILLER, Appellant,
v.
Donald ROSENTHAL and Mary Rosenthal, Appellees.
No. 86-3144.
District Court of Appeal of Florida, Second District.
August 5, 1987.
Mark A. Casassa and Frederick C. Kramer, Marco Island, for appellant.
Donald G. Childs of Scuderi & Childs, Marco Island, for appellees.
John W. MacKay, Tampa, amicus curiae by Luisa Miller.
RYDER, Acting Chief Judge.
In 1979, appellant and his wife purchased certain real property. In 1984, appellees were awarded a deficiency judgment against appellant, individually, in the amount of $10,083.90 plus interest from April 25, 1984. Subsequent to the judgment, appellant and his wife leased said real property to one J. Vincent Carter and appellees filed a motion seeking to garnish the rental proceeds from the lease. The clerk of Collier County issued a writ of garnishment ordering garnishee, Carter, to serve an answer stating whether he was indebted to appellant. Carter answered stating that, in accordance with the lease, he was indebted to appellant in the amount of $4,800.00. Appellees filed a motion for entry of final judgment against garnishee. Appellant filed a motion to dissolve garnishment arguing that the monies sought to be garnished were proceeds from real property held as a tenancy by the entirety by appellant and his wife and that his wife was not a party to the deficiency judgment.
After a hearing, appellant's motion was denied and the trial court entered the following order:
1. The motion to dissolve the writ of garnishment is denied.
2. Defendants, Donald Rosenthal and Mary Rosenthal's, motion for entry of final judgment against garnishee is hereby granted. Defendants, Donald Rosenthal and Mary Rosenthal, shall have and recover from garnishee, J. Vincent Carter, *1128 the sum of $4,800.00, the amount of which garnishee is indebted to the defendant, Robert J. Miller, as revealed by garnishee's answer to the writ of garnishment, for which let execution issue.
3. The orders as set forth in paragraphs (1) and (2) are based upon authority as set forth in First National Bank of Leesburg v. Hector Supply Co., 254 So.2d 777 (Fla. 1971).
4. Garnishee, J. Vincent Carter, shall be authorized to withdraw the $25.00 deposited in the registry of the court for garnishee's attorney's fee.
5. Garnishee's obligation to pay said $4,800.00 shall be in accordance with the subject lease agreement. Garnishee's obligations shall continue so long as garnishee retains full leasehold rights under the subject lease agreement. Breach of the subject lease agreement by garnishee shall not excuse garnishee's obligation to pay said $4,800.00.
6. Upon payment of the $4,800.00, garnishee shall be discharged from liability to defendants, Donald Rosenthal and Mary Rosenthal, and defendant, Robert J. Miller, for the payment.
On appeal, appellant argues that the trial court committed reversible error by denying his motion to dissolve garnishment. He argues that the subject rental proceeds of garnishment were derived from property held as tenancy by the entirety by appellant and his wife and were not subject to garnishment to satisfy the debt of either spouse individually.
"A viable tenancy by the entirety, with regard to either realty or personalty, must possess always and at the same time the following characteristics of form: unity of possession (joint ownership and control); unity of interest (the interest must be the same); unity of title (the interest must originate in the same instrument); unity of time (the interest must commence simultaneously); and the unity of marriage." First National Bank of Leesburg v. Hector Supply Co., 254 So.2d 777 (Fla. 1971). Property held as tenancy by the entirety cannot be reached to satisfy the individual judgment debt or other obligation of either party under the law of this state. Meyer v. Faust, 83 So.2d 847 (Fla. 1955).
Appellant and his wife's deed to the property leased to the garnishee demonstrates the five unities. The deed provides that:
This indenture, made this 8th day of October 1979, between M.K. Realty Company, a Florida partnership, grantor, and Robert J. Miller and Luisa Miller, his wife, whose post office address is 163-47 88th Street, Howard Beach, New York, 11414 of the County of Jamaica, State of New York, grantee, witnesseth that the grantor, for and in consideration of the sum of Ten Dollars, and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained and sold to the said grantee, and grantee's heirs and assigns forever, the following described land... .
Appellant and his wife received the same interest (fee simple) simultaneously in the same instrument and enjoyed joint ownership and control. Appellant and his wife leased this property to garnishee. Garnishee owed appellants $4,800.00 on his lease of the property. Because the property is held by appellant and his wife as tenants by the entirety, the proceeds of such property are also tenancy by the entirety property. As such they were free from attachment by the creditors of one spouse, appellant, individually. Meyer; Sharp v. Hamilton, 495 So.2d 235 (Fla. 5th DCA 1986).
We reverse and vacate the trial court's judgment allowing attachment of the rental proceeds produced by appellant and his wife's tenancy by the entirety property.
Reversed.
THREADGILL, J., and PATTERSON, DAVID F., Associate Judge, concur.