CAMPBELL, Acting Chief Judge.
Appellants, George and Karen Snyder, challenge a final judgment awarding appel-lee, Virginia Dinardo, $90,000 based on a finding that that amount was fraudulently transferred by appellant George Snyder into real property titled solely in the name of appellant Karen Snyder. We reverse.
Appellee Dinardo acquired a judgment against appellant George Snyder on August 18,1988. That judgment at all times material to this appeal remained unsatisfied in the principal amount of $90,000. Appellants owned homestead property in Sarasota County titled in their names as tenants by the entirety. In June of 1993, in anticipation of a sale of their homestead property, appellants entered into an escrow agreement with *727their attorney, Thomas R. Tjaden, who was to act as escrow agent under the terms of the agreement. The agreement in its essential and pertinent parts provided as follows:

ESCROW AGREEMENT

Made this _30_ day of June, 1993, by and between GEORGE E. SNYDER and KAREN E. SNYDER, Husband and Wife, as tenants by the entireties, hereinafter called Snyders, and THOMAS R. TJA-DEN, hereinafter called Escrow Agent, all of Sarasota County, Florida;
WHEREAS, Snyders have entered into a contract to sell their homestead real property located at 3876 Spyglass Hill Road, Sarasota, Florida and legally described as Lot 121, Country Club of Sarasota, as per plat thereof recorded in Sarasota County, Florida; and
WHEREAS, a closing is scheduled for June 30, 1993 and Snyders desire that the proceeds of sale to be received by them as tenants by the entireties be held by the Escrow Agent in escrow for them as tenants by the entireties; and
WHEREAS, Escrow Agent has agreed to hold said funds for Snyders as tenants by the entireties pursuant to the terms set forth herein;
NOW THEREFORE, in consideration of the mutual promises and covenants made herein, and for other good and valuable consideration, the parties agree as follows:
1. Snyders agree to endorse the check or checks received by them from the closing agent payable to THOMAS R. TJA-DEN as Escrow Agent.
2. Escrow Agent shall as soon as practicable open a passbook savings account in the name of Escrow Agent for the benefit of Snyders as tenants by the entireties.
3. The social security number to be used for the account shall be the social security number of KAREN E. SNYDER which is 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.
4. The interest of Snyders in the es-crowed funds shall be at all times as husband and wife, as tenants by the entireties, which is the same interest that they hold in the homestead real property being sold and the proceeds of sale to be received by them.
5. Escrow Agents only duties shall be as follows:
(a) To disburse the funds only upon the written order of both GEORGE E. SNYDER and KAREN E. SNYDER, husband and wife, as tenants by the entireties.
(b) To furnish copies of account statements to Snyders at the following address:
4304 Camino Madera
Sarasota, Florida 34238
(c) To furnish to Snyders a copy of the Form 1099 received from the financial institution reporting the total income earned on the account each year by mailing same to the address set forth in (b) above.
6. Escrow agent agrees that he will not take any other action of any kind in regard to said account or the funds held therein without the written order or consent of both GEORGE E. SNYDER and KAREN E. SNYDER, husband and wife, as tenants by the entireties.
(Emphasis in original.)
An escrow account was established at the Barnett Bank of Sarasota with Mr. Tjaden as the sole signatory authority as escrow agent under the terms of the escrow agreement. Proceeds of the sale of appellants’ homestead were endorsed to Mr. Tjaden and deposited by him as directed in the escrow agreement. Other funds jointly held by appellants as husband and wife were also transferred into the escrow account. Pursuant to directions of both appellants, Mr. Tjaden transferred funds from the escrow account to a seller of a North Carolina residence that was titled solely in the name of appellant Karen Snyder. It is that transfer of the North Carolina realty that appellee attacked in her complaint.
The trial judge, relying upon an interpretation of First National Bank of Leesburg v. Hector Supply Co., 254 So.2d 777 (Fla.1971) (Hector Supply II), found that the escrow agreement failed to establish a tenancy by the entireties in the escrowed funds because it failed to provide “a statement of permission for one spouse to act for the other.” *728While it is true that the escrow agreement did not provide for such action by one spouse for the other and, to the contrary, required that disbursement of escrow funds could only be upon “written order of both George E. Snyder.and Karen E. Snyder, husband and wife, as tenants by the entireties,” the lack of a provision for unilateral action does not destroy or prevent the establishment of a tenants by the entireties estate in the es-crowed funds. The interpretation by the trial court of such a “requirement” by Hector Supply II is both strained and erroneous.
Our supreme court in Hector Supply II had before it for review First National Bank of Leesburg v. Hector Supply Co., 236 So.2d 204 (Fla. 3d DCA 1970) (Hector Supply I), that held that a joint bank account that provided for individual withdrawal may not be held as an estate by the entireties. The supreme court reversed and quashed the decision of the Third District, holding instead that an arrangement for individual withdrawal from a joint account of a husband and wife does not defeat a clearly expressed intent to establish an estate by the entireties if the provision for individual withdrawal is clearly spelled out in the establishment of the account and the' four essential unities of an entireties estate are met. Our supreme court in Hector Supply II did not hold that an estate by the entireties cannot exist where the agreement establishing the estate requires the act of both parties to the estate to disburse funds. The escrow agreement before us clearly establishes an intent to create an entirety estate. The four essential unities of an entireties estate — possession (joint ownership and control), unity of interest (the interests must be the same), unity of title (the interests must originate in the same instrument), unity of time (the interests must commence simultaneously), and the unity of marriage — are met by the escrow agreement. The fact that the funds are held in escrow to be withdrawn by the escrow agent only at the direction of both appellants does not preclude the existence of an entireties estate in the funds so held in escrow. We therefore reverse the final judgment entered for appel-lee and, on remand, direct judgment to be entered for appellants.
FRANK, J., and CASANUEVA, DARRYL C., Associate Judge, concur.