886 So.2d 295 (2004)
Jeffrey PASSALINO, Appellant,
v.
PROTECTIVE GROUP SECURITIES, INC., Steven Grau and Stephen Molinari, Appellees.
No. 4D03-4477.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
*296 Daniel E. Oates and Andrew J. Daire of Daniel E. Oates, P.A., Pompano Beach, for appellant.
Joan M. Levit of Akerman Senterfitt, Fort Lauderdale, for appellee.
WARNER, J.
The issue presented in this appeal is whether proceeds from the sale of property held as a tenancy by the entireties retain their character as entireties property when deposited in an attorney's trust account. We hold that the proceeds do remain entireties property and affirm the judgment of the trial court dissolving a writ of garnishment against the trust account by a creditor of one spouse.
Appellee, Stephen Molinari, was a judgment debtor of appellant, Jeffrey Passalino. Mrs. Molinari was not a debtor of Passalino. Mr. and Mrs. Molinari sold property held as a tenancy by the entireties. The proceeds of the sale were deposited in a trust account held by their attorney. They were not co-mingled with other client's funds. The Molinaris intended to use them to purchase a home, although their first contract for purchase fell through. During the five months that the proceeds were in trust, the attorney, at the direction of the Molinaris, disbursed some of the monies into the Molinaris' personal bank account for their living expenses. The remainder amount of approximately $400,000 was intended as the deposit on the second contract for purchase of a home, which was signed October 10, 2003, and scheduled to close by October 22, 2003. In between that time, Passalino filed a writ of garnishment against the attorney's trust account, which the trial court ultimately dissolved because it found the proceeds were held as a tenancy by the entireties.
Passalino argues that after the transfer of the proceeds of the sale to the trust account, the property no longer had the six unities necessary for it to constitute a tenancy by the entireties, which are
(1) unity of possession (joint ownership and control); (2) unity of interest (the interests in the account must be identical); (3) unity of title (the interests must have originated in the same instrument); (4) unity of time (the interests must have commenced simultaneously); (5) survivorship; and (6) unity of marriage *297 (the parties must be married at the time the property became titled in their joint names).
Beal Bank, SSB v. Almand & Assoc., 780 So.2d 45, 52 (Fla.2001) (citations omitted, footnote omitted). He specifically claims that the transfer of the funds to the trust account destroyed the unities of possession and title because the attorney was in possession of the funds and was the only person with authority to sign on the account.
The proceeds from the sale or rental of tenancy by the entireties property are also held as a tenancy by the entireties and are owned in total by both the husband and the wife. Dodson v. Nat'l Title Ins. Co., 159 Fla. 371, 31 So.2d 402, 404 (1947); Miller v. Rosenthal, 510 So.2d 1127, 1128 (Fla. 2d DCA 1987); Brown v. Hanger, 368 So.2d 63, 64 (Fla. 3d DCA 1979); Sheldon v. Waters, 168 F.2d 483, 485 (5th Cir.1948). Here, there is no dispute that the Molinaris owned the rental property as a tenancy by the entireties and the proceeds from the sale retained that character. The issue is whether this character was lost when the Molinaris deposited the proceeds into their attorney's trust account.
A tenancy by the entireties can be terminated by the divorce of the owners, the death of one of the owners, or an agreement between the owners. Sheldon, 168 F.2d at 485. "[W]ithout an agreement neither alone can [do] anything to alter the tenancy of identifiable property so held." Id. The agreement need not be explicit; it can be inferred from the conduct of the parties. See id. at 485-86.
Transferring the proceeds of the sale of entireties property to a trustee for the benefit of the husband and wife does not terminate the unities of title or possession, where the parties clearly intended their property to be held as a tenancy by the entireties by exercising beneficial ownership of the property and controlling the property's disposition. See Snyder v. Dinardo, 700 So.2d 726 (Fla. 2d DCA 1997) (finding escrow agreement between husband and wife and their attorney for the proceeds of sale of entireties property clearly established the intent to create an entireties estate even though the escrow agent was given sole signatory authority over account); see also In re Nagel, 298 B.R. 582, 588 (Bankr.E.D.Va.2003) (stating that under Virginia law, which is similar to Florida law, "[t]he proceeds, which the settlement attorney retained and continues to hold, are held  automatically  as tenants by the entirety ... until the parties jointly agree to the contrary.")
Passalino cites a footnote in Rollins v. Alvarez, 792 So.2d 695 (Fla. 5th DCA 2001), as support for his position. In Rollins, a husband and wife funded an inter vivos trust with marital property. The wife transferred her interest in the property to the trust, under which her husband had sole control over the funds and had authority to amend, modify, or revoke the trust. The husband executed amendments changing the beneficiaries. These were challenged, and the trial court's ruling on the validity of the amendments was appealed. Although not in issue, in a footnote the district court stated, "There is no dispute that the effect of this transfer to the trustee destroyed any tenancy by the entireties that may have existed in the property pre-transfer. See Hunt v. Covington, 145 Fla. 706, 200 So. 76 (1941); 12 Fla. Jur.2d Cotenancy and Partition § 29 (1998)." 792 So.2d at 696 n. 2.
Appellant suggests that Rollins stands for the proposition that a transfer to a trustee of entireties property in and of itself terminates the entireties. We disagree with his interpretation. Rollins's *298 citation to Hunt is instructive. In Hunt, a husband's conveyance of entireties property to his wife terminated his interest in the property and, thus, the entireties character of the property. 200 So. at 77-78. Likewise, in Rollins the wife's transfer of marital property to the trust in which her husband maintained sole control and could direct the disposition of property terminated the entireties character of property. In other words, the unities of possession and interest were terminated, because the wife no longer exercised control over the property.
The evidence in this case established that Mr. and Mrs. Molinari did not intend to terminate the tenancy by the entireties when they deposited the proceeds of the sale from their entireties property in the trust account. The money was held for their use and benefit, and only they could direct its disposition. While the evidence indicated that either Mr. or Mrs. Molinari could order disbursements, this does not defeat the characterization of the trust funds as property held as a tenancy by the entireties. See Beal Bank, 780 So.2d at 56 (finding that the unilateral alienation by one spouse of money in a bank account does not demonstrate that the account is not held as a tenancy by the entireties where "there is evidence that each spouse had permission to act for the other"). Furthermore, the fact that the Molinaris withdrew funds from the account in order to pay living expenses rather than for the purchase of a new home does not alter the character of the property. There is no restriction on how a couple may spend the proceeds from the sale of entireties property as long as both spouses are in agreement. See Oliver v. Givens, 204 Va. 123, 129 S.E.2d 661, 664 (1963) (noting that "creditors are not prejudiced by a gift of property which is exempt from their claims").
As the unities of title and possession were not destroyed in the sale proceeds deposited in the attorney's trust account, the proceeds maintain their character as a tenancy by entireties. Thus, the trial court correctly dissolved the writ of garnishment. We also find no abuse of discretion in the remaining issue raised by Passalino as to the timing of the hearing on the motion to dissolve.
Affirmed.
SHAHOOD and MAY, JJ., concur.