HENDRY, Judge.
The appellant-plaintiff, William Robert Kern, Jr., filed a bill to quiet title or, in the alternative, for partition and other relief in. the Circuit Court for Dade County, Florida. The plaintiff alleged in his complaint that he is the sole owner and holder of the fee simple title to a certain vacant and unim-1 proved piece of property in Dade County, Florida, to-wit: Lot 175, Grapeland Heights; that the defendants claim some right, title or interest in and to said property ; that if the defendants have any rights or title they are ineffectual and inoperative against the plaintiff’s title.
It appears from the record that Carrie E. Knapp, and her sister Susan M. Cloud, purchased the lot in question in 1928 and took title in their names as tenants in common; that Carrie E. Knapp made a will in 1931 in which she devised and bequeathed to The Millikin Trust Company, as trustee, all the rest, residue and remainder of her estate, real, personal and mixed, of which she was possessed or to which she was entitled. The lot involved here was not specifically mentioned in the will. In 1933 Carrie E. Knapp died and her will was duly probated in the State of Illinois. At no time during the administration of the estate was the lot treated as an asset of the estate.
In 1953 Susan M. Cloud executed and delivered to the appellant, Kern, a warranty deed conveying to him fee simple title to the lot in question. About one year later some of the heirs of Carrie E. Knapp, deceased, conveyed by quit claim deeds all their right, title and interest in and to said lot to the appellees.
The cause came on for final hearing before the chancellor", who found, inter alia, that the plaintiff, Kern, acquired only the one-half undivided interest of Susan M. Cloud by virtue of a warranty deed from her dated March, 1953 and that defendants Weber and Showalter obtained a four-twelfths undivided interest in and to said lot by virtue of quit claim deeds from heirs of Knapp.
*620 Based upon such findings the chancellor decreed, inter alia, that the plaintiff, Kern, owns a legal undivided one-half interest in and to the fee simple title to said lot; that defendants Weber and Showalter, own a legal undivided four-twelfths interest in and to the fee simple title to said lot; that Nancy Jane Gerard Everett and Joan Gerard Heisig each own and have a legal undivided one-twelfth interest in and to the fee simple title to said lot as legal heirs of Knapp; that the rights, claims, interests, titles and claims of title of any and all unknown persons claiming any interest in and to said lot be and the same are can-celled and that the title of Kern, Weber, Showalter, Everett and Heisig is forever quieted and confirmed against any and all claimants. It was further decreed that the property be sold and the proceeds divided according to their respective interests.
Appellant contends that he alone had title in fee simple to the lot by virtue of his warranty deed from Cloud, therefore, he was entitled to a decree quieting his title. We can not agree with appellant’s contention.
Cloud could convey no greater interest in the property than she owned, i. e., an undivided one-half interest.
Title to the other undivided one-half interest was held by Knapp at the time of her death. There is no showing of any acts or conduct on the part of Cloud, Knapp, Knapp’s executor-trustee, or her heirs that would operate to divest Knapp or her heirs of the undivided one-half interest which she owned in said lot. As was stated in Gracy v. Fielding, 71 Fla. 1, 70 So. 625:
“The possession of one tenant in common is prima facie presumed to be the possession of all, and such possession does not become adverse to the other cotenants unless they are actually ousted, or unless the possession of the one is exclusive of and openly hostile to his cotenants, and the character of such possession is brought home to them by actual notice of such adverse holding, or that such possession is so open and notorious in its hostility to and exclusiveness of them as to put them on notice of its adverse character.” (Citing cases.)
After carefully reviewing the record and considering the points raised, we have reached the conclusion, and so hold, that the decree of the court below is proper and fully supported in law and fact. No error having been made to appear, the decree appealed is affirmed.
Affirmed.