528 So.2d 1278 (1988)
Howard M. NEU, Appellant,
v.
Honorable Robert ANDREWS and Department of Legal Affairs, State of Florida, Appellees.
SENTIMENTAL JOURNEYS, INC. and Leonard Weingrad, Appellants,
v.
DEPARTMENT OF LEGAL AFFAIRS, State of Florida, Appellee.
Gregory L. LANGSETT and Kathleen M. Langsett, Appellants,
v.
DEPARTMENT OF LEGAL AFFAIRS, State of Florida, Appellee.
Nos. 4-86-2994, 4-86-3006 and 4-86-3068.
District Court of Appeal of Florida, Fourth District.
July 27, 1988.
Frank Wolland, North Miami, for appellant-Neu.
Howard M. Neu, North Miami, for appellants-Sentimental Journeys & Weingrad.
Mark C. Perry of Calvo, Perry & Greene, P.A., Fort Lauderdale, for appellants-Langsett.
Robert A. Butterworth, Atty. Gen., Tallahassee, Eunice Tall Baros, Asst. Atty. Gen., and Sheldon Zipkin, Chief, Consumer Litigation Section, Miami, for appellees.
*1279 WALDEN, Judge.
There are before this court three consolidated appeals arising out of an action brought by the Department of Legal Affairs against a tour operator, Leonard Weingrad, and his company, Sentimental Journeys, Inc. The essence of the action was that Sentimental Journeys, Inc. and Weingrad had failed to refund deposits and other monies of consumers who had cancelled their trips. Two days before the original complaint was filed by the Department of Legal Affairs, Mr. Weingrad and his wife entered into an agreement to sell their home to Gregory and Kathleen Langsett. The agreement to sell the marital home was entered into prior to the time that the Department sought a temporary injunction to prevent the disbursement of Weingrad's assets.
The first point on appeal, by appellant Weingrad, challenges a final order of forfeiture. He asserts, and we agree, that the trial court erred in determining that the Weingrad's marital home, which is jointly owned by Mr. Weingrad and his wife, could be used to satisfy Mr. Weingrad's debt. The property is not properly subject to forfeiture because the home is owned as a tenancy by the entireties and Mrs. Weingrad was not a named party to the action. Property owned as a tenancy by the entireties cannot be made available to answer for the judgment debts of one of the tenants individually. See Balding v. Fleisher, 279 So.2d 883 (Fla. 3d DCA), cert. denied, 285 So.2d 20 (Fla. 1973). We note, in passing, the exception to the rule which allows such an estate to be attacked in cases involving fraud. However, there is no evidence to warrant application of the exception in the instant case.
The second point on appeal challenges an order denying a motion for disqualification and an order granting a motion for contempt. We treat the appeal as a petition for writ of prohibition and grant the writ on authority of White v. Price, 13 F.L.W. 1561 (Fla. 4th DCA July 6, 1988) (wherein this Court granted a writ of prohibition finding that the transcript furnished a valid basis upon which a reasonably prudent person would conclude that he would not receive a fair and impartial trial). Additionally we conclude that the order of contempt which was filed subsequent to the ruling on the motion for disqualification is thereby void.
The final question on appeal concerns the failure of the trial court to allow the Langsetts, the innocent purchasers of the Weingrad's home, to intervene in the action. We conclude that the trial court erred in denying the Langsetts an opportunity to be heard.
For the reasons set forth above, we reverse and remand for proceedings consistent herewith, in addition we grant the writ of prohibition concerning the motion for disqualification.
HERSEY, C.J., and DELL, J., concur.