**In re M. GALLO, INC., d/b/a Gallo Orthopedics, Debtor.**

**Bankruptcy No. 89–8755–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

March 29, 1990.

Jeffrey W. Leasure, Fort Myers, Fla., for debtor.

U.S. Atty., Dept. of Justice, c/o Robert Genzman, Ass't U.S. Atty., Tampa, Fla., Neil I. Fowler, Dept. of Justice, Washington, D.C., for claimant IRS.

Lynne England, Asst. U.S. Trustee, Tampa, Fla.

ORDER ON DEBTOR'S MOTION FOR VALUATION OF SECURITY AS TO THE UNITED STATES AND THE INTERNAL REVENUE SERVICE

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing with notice to all parties in interest upon a Motion for Valuation of Security of the United States. The security interest is a tax lien asserted by the Internal Revenue Service. The Court has considered the Motion, together with the record, and heard argument of counsel, and finds the following facts relevant and germane to the disposition of this cause:

On July 21, 1989, the Internal Revenue Service made assessments against the Debtor for unpaid federal employment and unemployment taxes, penalties and interest, for the time periods ending June 1987, September 1987, December 1987, March 1988, June 1988, September 1988, December 1988, and March 1989. On October 23, 1989, a Notice of Federal Tax Lien was recorded in the public records of Lee County, Florida. On October 24, 1989, the IRS seized the contents of three store locations operated by the Debtor. The Debtor then filed its Chapter 11 Petition on November 29, 1989, the day before the seized items were to be sold by the IRS. The items seized include a vehicle and certain office machinery and equipment, as well as inventory of the Debtor, consisting of prosthetic limbs and devices. At the final evidentiary hearing, it was established that the value of the seized items was $62,600 at the time of filing of the Chapter 11 Petition by the Debtor. It is undisputed that the IRS has a security interest in the seized assets.

The IRS also claims a security interest in certain accounts receivable held by the Debtor which were valued at $83,870 at the time of the filing of the Petition. The IRS claims that the filing of the Notice of Tax Lien on October 23, 1989, created a lien on the accounts receivable. Although none of the accounts receivable debtors were ever notified of any claim of such lien by the IRS, courts have long held that a federal tax lien attaches immediately upon assessment and becomes enforceable against all property, including after-acquired property. *Texas Oil and Gas Corp. v. United States*, 466 F.2d 1040, 1052 (5th Cir.1972); *Rice Investment Co. v. United States*, 625 F.2d 565 (5th Cir.1980). Federal tax liens attach to all of the debtor's property, including accounts receivable. *In re National Financial Alternatives, Inc.*, 96 B.R. 844 (Bankr.N.D.Ill.1989). The statutory provisions governing security interests under Florida's Uniform Commercial Code have no applicability to federal tax liens. Instead, the matter is governed by federal law. *In the Matter of Monarch Industries, Inc.*, 609 F.2d 117 (5th Cir. 1979).

26 U.S.C. § 6321 provides that a tax assessment shall create a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to the Debtor. 26 U.S.C. § 6322 provides that the lien shall continue until the liability for the amount so assessed is satisfied or becomes unenforceable by reason of lapse of time. 26 U.S.C. § 6323(c) indicates that accounts receivable are included in the property subject to the federal tax lien. Thus, the United States has a secured interest in the Debtor's accounts receivable for purposes of 11 U.S.C. § 506.

Based on the foregoing, it is clear that the IRS held a valid and enforceable security interest in the accounts receivable of the Debtor in the amount of $83,870 at the time of the filing of the Chapter 11 Petition. In addition, the IRS holds a secured claim in the amount of $62,600 on other assets of the Debtor. Therefore, the IRS has a secured claim in the amount of $146,470 and an unsecured claim for the balance of the unpaid prepetition taxes in the amount of $38,530.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Valuation of Security as to the United States and the Internal Revenue Service filed by the Debtor in the above-captioned Chapter 11 case

be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the IRS has a secured claim in the amount of $146,470 and an unsecured claim in the amount of $38,530. It is further

ORDERED, ADJUDGED AND DE-CREED that, as adequate protection for the secured portion of the claim of the United States, the Debtor shall pay the sum of $1,300 per month on the first day of each month beginning April 1, 1990. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor shall maintain the level of its accounts receivable at an amount equal to 90% of the level of such accounts receivables as of the date of filing of the Chapter 11 Petition. It is further

ORDERED, ADJUDGED AND DE-CREED that the Debtor shall provide to the Internal Revenue Service monthly reports indicating the value of the Debtor's vehicles, equipment, inventory and accounts receivable on or before the first day of each month beginning April 1, 1990. It is further

ORDERED, ADJUDGED AND DE-CREED that the tax lien with respect to its prepetition assets shall carry over to assets acquired postpetition by the Debtor. It is further

ORDERED, ADJUDGED AND DE-CREED that this Order is entered without prejudice to allow the Debtor to seek avoidance of the tax lien of the United States pursuant to § 547 of the Bankruptcy Code, if the Debtor so deemed to be advised.

DONE AND ORDERED.