**In re Diana Deane CARR, Debtor.**

**Bankruptcy No. 93–11070–8G1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 12, 1995.

Pierce J. Guard, Jr., Lakeland, FL, for debtor.

Mark Stier, Trial Atty., Tax Div., Dept. of Justice, Washington, DC, for I.R.S.

## ORDER ON MOTION TO DETERMINE SECURED STATUS OF CLAIM OF INTERNAL REVENUE SERVICE

PAUL M. GLENN, Bankruptcy Judge.

**THIS CASE** came on for hearing on the Motion to Determine Secured Status of Claim of Internal Revenue Service filed by Diana Deane Carr (the "Debtor"). On May 11, 1993, the Internal Revenue Service ("IRS") filed a proof of claim in the total amount of $64,252.20, of which $64,106.46 is claimed as secured and $145.74 is claimed as unsecured.[1] The Debtor contests the secured portion of the IRS claim because she alleges that it fails to set forth where and when the tax liens were recorded. In addition, although the liens are in favor of the IRS on all property and rights to property belonging to the Debtor, the Debtor claims that she is unable to determine the amount and nature of the liens and whether or not the IRS is a secured, unsecured, or priority creditor. The Debtor asserts that as a result of this uncertainty, she is unable to complete confirmation of her Chapter 11 plan and requests this Court to determine the status of the IRS Claim.

At the hearing on the Debtor's Motion, the Debtor conceded that the IRS had timely filed Notices of Federal Tax Liens in support of its secured claim.[2] The Debtor also stipu-

---

1. The proof of claim shows that the secured portion of the claim consists of the following unpaid taxes: (1) $18,231.00 income tax assessed May 27, 1991, for the tax period ending December 31, 1990, plus a penalty of $3,620.84 and interest of $3,218.95 due as of the date the Debtor's Chapter 11 petition was filed; (2) $26,276.00 income tax assessed May 25, 1992, for the tax period ending December 31, 1991, plus a penalty of $3,323.60 and interest of $1,609.13 due as of the date the Debtor's Chapter 11 petition was filed; (3) $703.43 WT–FICA tax assessed March 16, 1992, for the tax period ending December 31, 1991, plus a penalty of $906.93 and interest of $224.55 due as of the date the Debtor's Chapter

11 petition was filed; (4) $2,573.70 WT–FICA tax assessed June 22, 1992, for the tax period ending March 31, 1992, plus a penalty of $777.22 and interest of $169.74 due as of the date the Debtor's Chapter 11 petition was filed; and (5) $1,435.92 WT–FICA tax assessed September 14, 1992, for the tax period ending June 30, 1992, plus a penalty of $571.82 and interest of $60.34 due as of the date the Debtor's Chapter 11 petition was filed.

2. On December 1, 1992, the IRS filed a Notice of Federal Tax Lien Under Internal Revenue Laws in the County Courthouse, Highlands County, Sebring, Florida, for unpaid 1040 taxes totalling

lated that the value of her equity in the assets listed on her Schedules and in her Disclosure Statement (without considering the IRS lien) equalled or exceeded the total amount of the IRS secured claim. The Debtor has claimed her homestead located at 467 Southeast Lakeview Drive, Sebring, Florida, as exempt property. The market value of the property is approximately $197,500.00, with a mortgage of approximately $125,-829.53. Therefore, the Debtor has an approximate unencumbered interest in her homestead property of $71,670.47 (without considering the IRS lien), which would fully secure the IRS claim, exclusive of her other assets.

■ Based on the Debtor's stipulations, the only issue to be decided by this Court is whether the Federal Tax Liens filed prepetition attach to the property of the Chapter 11 estate.

Section 6321 of the Internal Revenue Code provides:

### § 6321. Lien for taxes

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

The lien imposed by § 6321 arises at the time of assessment and it continues until the liability for the amount assessed is satisfied or becomes unenforceable by reason of lapse of time:

### § 6322. Period of lien

Unless another date is specifically fixed by law, the lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed (or a judgment against the taxpayer arising out of such liability) is satisfied or becomes unenforceable by rea-

son of lapse of time. 26 U.S.C. § 6322 (1986).

The lien imposed by § 6321 may be perfected against specified competing interests in the property or rights to property of the taxpayer by proper filing pursuant to §§ 6323(a) and (f):

### § 6323. Validity and priority against certain persons

**(a) Purchasers, holders of security interests, mechanic's lienors, and judgment lien creditors.**—The lien imposed by section 6321 shall not be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor until notice thereof which meets the requirements of subsection (f) has been filed by the Secretary.

.    .    .    .    .

**(f) Place for filing notice; form.**—

**(1) Place for filing.**—The notice referred to in subsection (a) shall be filed—

**(A) Under State laws.**—

**(i) Real property.**—In the case of real property, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated; and

**(ii) Personal Property.**—In the case of personal property, whether tangible or intangible, in one office within the State (or the county, or other governmental subdivision), as designated by the laws of such State, in which the property subject to the lien is situated, except that State law merely conforming to or reenacting Federal law establishing a national filing system does not constitute a second office for filing as designated by the laws of such State; or

**(B) With clerk of district court.**—In the office of the clerk of the United States district court for the judicial district in which the property subject to the

$28,110.38. On December 9, 1992, the IRS filed a second Notice of Federal Tax Lien Under Internal Revenue Laws in the County Courthouse, Highlands County, Sebring, Florida, for unpaid 1040 taxes totalling $18,813.46, and a third No-

tice of Federal Tax Lien Under Internal Revenue Laws in the County Courthouse, Highlands County, Sebring, Florida, for unpaid 940 taxes totalling $348.66, and unpaid 941 taxes totalling $6,668.31.

lien is situated, whenever the State has not by law designated one office which meets the requirements of subparagraph (A); or

**(C) With Recorder of Deeds of the District of Columbia.**—In the office of the Recorder of Deeds of the District of Columbia, if the property subject to the lien is situated in the District of Columbia.

**(2) Situs of property subject to lien.**—For purposes of paragraphs (1) and (4), property shall be deemed to be situated—

**(A) Real property.**—In the case of real property, at its physical location; or

**(B) Personal property.**—In the case of personal property, whether tangible or intangible, at the residence of the taxpayer at the time the notice of lien is filed.

For purposes of paragraph (2)(B), the residence of a corporation or partnership shall be deemed to be the place at which the principal executive office of the business is located, and the residence of a taxpayer whose residence is without the United States shall be deemed to be in the District of Columbia.

**(3) Form.**—The form and content of the notice referred to in subsection (a) shall be prescribed by the Secretary. Such notice shall be valid notwithstanding any other provision of law regarding the form or content of a notice of lien.

**(4) Indexing required with respect to certain real property.**—In the case of real property, if—

(A) under the laws of the State in which the real property is located, a deed is not valid as against a purchaser of the property who (at the time of purchase) does not have actual notice or knowledge of the existence of such deed unless the fact of filing of such deed has been entered and recorded in a public index at the place of filing in such a manner that a reasonable inspection of the index will reveal the existence of the deed, and

(B) there is maintained (at the applicable office under paragraph (1)) an adequate system for the public indexing of Federal tax liens,

then the notice of lien referred to in subsection (a) shall not be treated as meeting the filing requirements under paragraph (1) unless the fact of filing is entered and recorded in the index referred to in subparagraph (B) in such a manner that a reasonable inspection of the index will reveal the existence of the lien.

**(5) National filing systems.**—The filing of a notice of lien shall be governed solely by this title and shall not be subject to any other Federal law establishing a place or places for the filing of liens or encumbrances under a national filing system.

According to § 6323, real property is deemed to be situated at its physical location, and personal property, whether tangible or intangible, is deemed to be situated at the residence of the taxpayer at the time the notice of lien is filed. According to the Debtor's Schedules, as of January 12, 1993, her homestead and all of her personal property are located in Highlands County, Sebring, Florida, the same county where the Federal Tax liens were filed prepetition.

■ It is undisputed that the Federal Tax Liens filed on December 1, 1992, and December 9, 1992, were timely filed and enforceable against all property and rights to property belonging to the Debtor in Highlands County, Florida. It is also undisputed that the property against which the IRS has a valid and enforceable lien is the same property included in the Debtor's Schedules in January, 1993. The filing of a petition for relief under the Bankruptcy Code does not extinguish a valid and enforceable security interest held by the IRS. *See In re M. Gallo, Inc.,* 113 B.R. 83 (Bankr.M.D.Fla.1990) (Internal Revenue Service, which had recorded notice of federal tax lien prepetition, had perfected security interest in debtor's property seized prepetition as well as debtor's prepetition accounts receivable, though account receivable debtors had not been notified of such claim prepetition; government held unsecured claim for balance of unpaid prepetition taxes). The declaration of her homestead as exempt property does not af-

fect any valid liens against it. Therefore, the IRS claim should be allowed as filed.

Accordingly:

**IT IS ORDERED** that the bifurcated Claim No. 11 filed by the Internal Revenue Service should be allowed in the total amount of $64,252.20, of which $64,106.46 is secured and $145.74 is unsecured.