**In re Dennis L. WILLOUGHBY et ux., Debtors.**

**Bankruptcy No. 96–10107–8C7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 8, 1997.

David L. Schrader, Dade City, FL, for Debtors.

Lauren P. Greene, Seminole, FL, trustee.

Ashley J. McCorvey Myers, Barr, Murman, Tonelli, Herzfeld & Rubin, Tampa, FL, for Judith Haag.

## DECISION ON DEBTORS' MOTION TO AVOID LIEN

C. TIMOTHY CORCORAN, III, Bankruptcy Judge.

This case came on for hearing on May 6, 1997, of the debtors' motion to avoid a judgment lien impairing their exempt homestead (Document No. 17) and the lienholder's response (Document No. 21). At the hearing, counsel for the parties recited into the record the undisputed facts and agreed that the issues could be decided as a matter of law from these facts. Accordingly, the court entered a case management order (Document No. 25) and the parties have now filed their briefs (Documents Nos. 27, 28, 29, and 30).

In the context of the facts involved here, this contested matter presents an issue of first impression involving an apparent conflict between the policies behind the lien avoidance provisions of Section 522(f) of the Bankruptcy Code, as amended in 1994, on the one hand, and the Florida law of tenancy by the entireties property, on the other hand. This conflict is created by the 1994 amendments to Section 522(f) that were designed to protect child support and alimony obligations. Concluding that this tension between the two bodies of law can best be reconciled by avoiding the lien in question, the court will grant the motion.

### Agreed Facts

The debtor/husband, Dennis L. Willoughby, and the judgment creditor, Judith Ann Haag, were formerly married. Their marriage was dissolved in 1981 in Jackson County, Missouri. In 1993, a judgment was entered in the Circuit Court of Jackson County, Missouri, in favor of Ms. Haag and against Mr. Willoughby. The judgment specifically determined an amount of unpaid child support that was due from Mr. Willoughby to Ms. Haag.

After the divorce from Ms. Haag, Mr. Willoughby married the debtor/wife, Sandra Loy Willoughby. In 1985, they acquired a home in Pasco County, Florida, that they own as tenants by the entireties.[1] The home is their homestead.

In 1994, after the debtors established their Pasco County homestead, Ms. Haag caused a certified copy of the 1993 child support arrearage judgment entered by the Circuit Court of Jackson County, Missouri, to be recorded in the public records of Pasco County, Florida.[2]

The debtors filed this joint Chapter 7 bankruptcy case on August 5, 1996. The debtors properly claimed the Pasco County home as their exempt homestead in this bankruptcy case. No objection to that claim of exemption has been filed, and the homestead property is therefore exempt.

### Issue Presented

By the pending motion, the debtors now seek to avoid the fixing of the lien of the judgment pursuant to the provisions of Section 522(f) of the Bankruptcy Code because it impairs their exempt homestead. The lienholder, Ms. Haag, opposes this effort on the grounds that Section 522(f), as amended by the Bankruptcy Reform Act of 1994, precludes the avoidance of the fixing of a judicial lien that impairs an exemption when the judgment creating the lien is for child support arrearages.

The issue presented here, therefore, is: May the debtors, a husband and wife, who own their exempt homestead in a Florida tenancy by the entireties, use the provisions of Section 522(f) of the Bankruptcy Code to avoid the fixing on the homestead property of the lien of a judgment for child support arrearages obtained by the debtor/husband's

---

1. A certified copy of the deed by which they received the conveyance of this real property was received into evidence as Debtors' Exhibit 1.

2. A certified copy of the judgment as recorded was received into evidence as Debtors' Exhibit 2.

former spouse against only the debtor/husband but not also against the debtor/wife?

For the reasons described below, the court concludes that, although the debtor/husband may not avoid the lien on the jointly owned homestead property, the debtor/wife may nevertheless do so.

*Discussion*

Section 522(f) (1) of the Bankruptcy Code, following the 1994 amendments, now provides in relevant part that:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—
>
> (A) a judicial lien, *other than a judicial lien that secures a debt—*
>
> (i) *to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court ... and*
>
> (ii) *to the extent that such debt—*
>
> (I) *is not assigned to another entity, voluntarily, by operation of law, or otherwise; and*
>
> (II) *includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support. . . .*

The underlined portion of the statute was added in the 1994 amendments to except judgment liens created by alimony and child support judgments from the lien avoidance powers of a debtor. The precise amendment is found in Section 304 of the Bankruptcy Reform Act of 1994, P.L. 103–394, entitled "Protection of Child Support and Alimony." In the words of the House Report:

> This section is intended to provide greater protection for alimony, maintenance, and support obligations owing to a spouse, former spouse or child of a debtor in bank-

ruptcy. The Committee believes that a debtor should not use the protection of a bankruptcy filing in order to avoid legitimate marital and child support obligations.

H.R.Rep. No. 103–835, at 54 (1994), *reprinted in* 1994 U.S.C.C.A.N. 3340, 3363. This lien avoidance exception is but one of several enhancements to the protection of alimony and child support obligations contained in the amendments. Regarding this addition to the lien avoidance provisions of the Code, the House Report states:

> Subsection (d) provides that section 522(f)(1) of the Bankruptcy Code may not be used to avoid judicial liens securing alimony, maintenance, or support obligations. (This subsection is intended to supplement the reach of *Farrey v. Sanderfoot,* 500 U.S. 291, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991), which held that a former husband could not avoid a judicial lien on a house previously owned with his wife.)

*Id.*

Unfortunately, neither the statute nor the legislative history appear to address directly the situation presented by this case. Here the debtors own their homestead property *jointly* in an estate by the entireties, while the child support judgment creating the lien that threatens this property is against the debtor/husband *only*.

On its face, the statute provides in the context of this dispute that the debtor may avoid:

1.  the fixing of a judicial lien;
2.  on an interest of the debtor in property;
3.  when it would impair an exemption of the debtor;
4.  *unless* the judicial lien:

> a.  secures a debt to a former spouse of the debtor;
>
> b.  for support of a child of the debtor.

These are the elements of a debtor's Section 522(f)(1)(A) right to avoid a lien that the debtors must establish if the court is to grant their motion and avoid the lien.[3] In examin-

---

**3.** The debt represented by this judgment has not been assigned to another entity, such as a governmental collection or welfare agency, volun- tarily, by operation of law, or otherwise. The quoted provisions of Section 522(f)(1)(A)(ii), added in the 1994 amendments, are therefore not

ing these elements, the first thing one sees is that the relief that Section 522(f) affords is available to "the debtor." The applicable provision begins: *"[T]he debtor may avoid ..."* It then goes on to speak in terms of "a judicial lien that secures a debt ... to a spouse, former spouse, or child *of the debtor."* In these circumstances, however, there is not a single debtor. There are instead joint debtors under Section 302 of the Bankruptcy Code. It appears, therefore, that the court is required under the statute to test each debtor/spouse's eligibility for relief under this statute on an individual basis.

■ Assuming for the moment that both the debtor/husband and the debtor/wife in this case satisfy the first three elements of Section 522(f)(1) as outlined above, the fourth element precludes the debtor/husband from avoiding this lien. This is true because the judgment is for a debt owed to the former spouse of the debtor/husband for support of a child of the debtor/husband. The debtor/wife, however, suffers no such prohibition because the judgment is not against her, the judgment creditor is not her former spouse, and the debt is not for the support of her child. Thus, under the precise terms of the statute, the debtor/husband here is not able to avoid the lien. This fourth element of lien avoidance as outlined above, however, does not preclude the debtor/wife from avoiding the lien. Accordingly, she can avoid the lien if she satisfies each of the first three elements.[4]

■ In analyzing the first three elements of lien avoidance in relation to the debtor/wife, it is important to note that both the debtor/husband and the debtor/wife own their exempt homestead in an estate by the entireties. In Florida, an estate by the entireties is a type of tenancy that can be held only by a husband and wife. In this form of ownership, each spouse owns the "entirety" or the whole of the estate. *Quick v. Leatherman,* 96 So.2d 136, 138 (Fla.1957). The theoretical basis for this estate is that husband and wife are one person in the law. *Strauss*

*v. Strauss,* 148 Fla. 23, 25, 3 So.2d 727, 728 (1941). Upon the death of one spouse, the deceased spouse's interest is extinguished and the surviving spouse's whole ownership survives by virtue of the original title. *Gerson v. Broward County Title Co.,* 116 So.2d 455, 456 (Fla. 2d DCA 1959). Because of the critical importance of the marriage to the existence of an estate by the entireties, tenants by the entireties become tenants in common as a matter of law upon the dissolution of their marriage. § 689.15, *Fla.Stat.* (1995).

■ Tenancy in common is a substantively different kind of estate than the estate by the entireties. Tenants in common each own a proportional undivided interest in the property rather than the whole. *In re Estate of Cleeves,* 509 So.2d 1256, 1258–59 (Fla. 2d DCA), *rev. denied,* 518 So.2d 1273–74 (1987); 20 Am.Jur.2d *Cotenancy & Joint Ownership* § 31 (1995). Thus, if there are two persons owning a particular property in a tenancy in common, each typically owns an undivided one-half interest in the property. Each may freely transfer or encumber his or her undivided one-half interest without transferring or encumbering the undivided one-half interest owned by the other. *Kern v. Weber,* 155 So.2d 619, 620 (Fla. 3d DCA 1963). When property is held in a tenancy by the entireties, however, one spouse may not transfer or encumber anything. Because each owns the whole, and not just an undivided part, only both tenants may transfer or encumber the property. *Hunt v. Covington,* 145 Fla. 706, 707, 200 So. 76, 77 (1941); *Naurison v. Naurison,* 132 So.2d 623, 624 (Fla. 3d DCA 1961).

■ The differences between these two kinds of estate can also be seen in the area of creditors' rights. An undivided interest in property owned by one person in a tenancy in common is like any other asset that person owns as far as the person's creditors is concerned. A creditor may levy and execute on the interest. Similarly, a judgment lien will attach to the undivided interest of one tenant

---

involved in this case. For this reason, those provisions are not included in this identification of the elements of a debtor's Section 522(f)(1)(A) right to avoid a judicial lien.

4. The parties agreed at the hearing and the court concurs that, if this child support judgment were against both debtors, the lien could not be avoided at all under the 1994 amendments.

in common without attaching to the undivided interest of the other tenant in common.[5] This is so because the lien of a judgment or execution attaches only to the property of the debtor. *Hull v. Maryland Casualty Co.,* 79 So.2d 517, 518 (Fla.1954).

The situation is quite different, however, in the case of a tenancy by the entireties.[6] Only a judgment against both the husband and wife can be a lien against property owned by them in an estate by the entireties. *Stanley v. Powers,* 123 Fla. 359, 365, 166 So. 843, 846 (1936). Property owned as a tenancy by the entireties is not available to satisfy the debts of one of the tenants individually. *In re Golub,* 80 B.R. 230, 232 (Bankr.M.D.Fla.1987); *Neu v. Andrews,* 528 So.2d 1278, 1279 (Fla. 4th DCA 1988). Thus, a judgment against one of the tenants of an estate by the entireties cannot be a lien on any part of the estate; the entire property is free from the judgment or execution liens against either of the tenants individually. *Winters v. Parks,* 91 So.2d 649, 651 (Fla. 1956); *Meyer v. Faust,* 83 So.2d 847, 848 (Fla.1955); *Vaughn v. Mandis,* 53 So.2d 704, 705–06 (Fla.1951); *Hunt v. Covington,* 145 Fla. 706, 708, 200 So. 76, 77 (1941); *Ohio Butterine Co. v. Hargrave,* 79 Fla. 458, 463, 84 So. 376, 378 (1920); *France v. Hart,* 170 So.2d 52, 52 (Fla. 3d DCA 1964), *cert. denied,* 176 So.2d 511 (Fla.1965). The reason for this result, of course, is that the law views the estate by the entireties as but a single estate. *Newman v. Equitable Life Assurance Society,* 119 Fla. 641, 645, 160 So. 745, 747 (1935).

These basic principles of Florida property law apply in the bankruptcy context. Thus, when one spouse files a bankruptcy case, property owned in a tenancy by the entireties with the non-filing spouse does not become property of the estate available to satisfy creditors unless there are creditors of both spouses jointly. *In re Planas,* 199 B.R. 211, 217 (Bankr.S.D.Fla.1996); *In re Anderson,* 132 B.R. 657, 660 (Bankr.M.D.Fla. 1991); *In re Boyd,* 121 B.R. 622, 622 (Bankr. N.D.Fla.1989); *In re Geoghegan,* 101 B.R. 329, 331 (Bankr.M.D.Fla.1989).

Although these principles demonstrate that the lien of the judgment does not strictly fix to this property, Florida bankruptcy courts nevertheless permit the use of Section 522(f) to eliminate the fixing of the practical cloud that the judgment creates on the title to the property.[7] *In re Calandriello,* 107 B.R. 374, 375 (Bankr.M.D.Fla.1989), *aff'd,* 174 B.R. 339 (M.D.Fla.1992).[8] As de-

---

**5.** A judgment becomes a lien on an interest in real property when a certified copy of the judgment is recorded in the public records of the county in which the real property is located. § 55.10, *Fla.Stat.* (1995). A judgment rendered by a court of another state will have the same effect as a Florida judgment when a certified copy is recorded in a county. §§ 55.501 *et seq., Fla.Stat.* (1995).

**6.** The parties also agreed at the hearing and the court concurs that, if the debtors owned the property as tenants in common rather than as tenants by the entireties, the lien of the judgment could be avoided as to the debtor/wife's interest in the property, but it could not be avoided as to the debtor/husband's interest under the 1994 amendments. Thus, it is the tenancy by the entireties ownership of the homestead property, coupled with the child support judgment being against only the debtor/husband, that creates this dispute.

**7.** It is true that principles of Florida tenancy by the entireties law that were previously discussed lead to the conclusion that the lien of Ms. Haag's judgment against the debtor/husband did not strictly attach to the real property owned by the debtors in an estate by the entireties. The reason is that the judgment is against the debtor/husband only and not against both the debtor/husband and the debtor/wife. It is also true that, under the Florida Constitution, no judgment may be a lien on exempt homestead property unless it is for the payment of taxes and assessments, obligations contracted for the purchase, improvement, or repair of the property, and obligations contracted for labor performed on the property. Art. X, § 4(a), *Fla. Const.* Because the real property owned by the debtors in an estate by the entireties is also their exempt homestead property, the homestead exemption provisions of the Florida Constitution provide a separate and independent ground to conclude that the lien of Ms. Haag's judgment against the debtor/husband did not attach to the debtors' real property. Although the lien of Ms. Haag's judgment does not strictly attach to the debtors' real property in a technical or legal sense, the lien nevertheless does attach in a practical sense.

**8.** There formerly was a split of authority in the state on whether Section 522(f) could be used to avoid this kind of lien. *Calandriello* at 375. It appears, however, that *Calandriello* has been accepted as stating the better view, and it is my understanding that it is now the view of the de-

scribed in *Calandriello* at 375, the recording of the certified copy of the judgment in fact clouds the debtors' title to the property until it is "avoided in bankruptcy, satisfied, or otherwise removed." In the words of the district court quoted in *Calandriello,* this cloud is removed "to grant full relief to the homestead property at the time it became part of the estate." *Calandriello* at 376, quoting *In re Bird,* No. 88–8184–Civ–Aronovitz, slip op. at 9 (S.D.Fla. May 5, 1989), *reversing* 84 B.R. 858 (Bankr.S.D.Fla.1988).

Therefore, the judicial lien "fixes"[9] to an interest of the debtor/wife in property that she has claimed and that has been allowed as exempt, and the lien "impairs"[10] that exemption. The debtor/wife thus also satisfies the first three elements of Section 522(f) lien avoidance as outlined above. The debtor/wife has accordingly demonstrated her entitlement to the relief afforded by Section 522(f)(1) and may avoid the judicial lien of the debtor/husband's former wife.

In interpreting the statute in this manner, the court applies precisely the same inquiry that the court would perform if the debtor/wife filed an individual petition and the husband remained outside the bankruptcy as a non-filing spouse. The court would then test the eligibility of the wife—"the debtor" in the words of the statute—to avoid this lien solely in relation to her situation and without reference to her non-filing husband. This seems entirely appropriate because the debtor/wife's ability to avoid the lien in question should not turn on whether she files an individual petition under Section 301 of the Bankruptcy Code or a joint petition under Section 302.

In determining the rights of each debtor/spouse individually, the court recognizes that the debtor/husband, to whom this child support judgment exception does apply, nevertheless receives the benefit of the relief that is afforded to his wife. This benefit, however, is simply a necessary consequence of the form of ownership of the home that the debtors established long before the filing of this bankruptcy case and the recording of the judgment in issue.

Although it may at first seem anomalous that the debtor/wife can do what the debtor/husband cannot do in the context of lien avoidance, that result is driven in this case by the fact that each spouse owns the "entirety" or the whole of the property. Indeed, the benefit that the debtor/husband may be seen to receive in this result is precisely the same kind of unintended consequential benefit that a tenant by the entireties receives when the law insulates the entireties property from the reach of his individual creditors. The law accepts the giving to him of this benefit in order to protect the rights of the co-tenant spouse who owes nothing to the creditors of her spouse.

The lienholder argues that allowing the debtor/wife to avoid the fixing of this judgment lien is contrary to the Congressional intent of enhancing the enforceability of alimony and child support obligations as expressed in the 1994 amendments to the Bankruptcy Code. She further argues that allowing the debtor/wife to avoid the lien destroys the enforceability of her judgment and allows all "deadbeat dads" to do the same thing by simply buying a home with a new wife in a tenancy by the entireties and then filing bankruptcy.

majority, if not all, of the bankruptcy judges in the state. *See, e.g., In re Thornton,* 186 B.R. 155, 157 (Bankr.M.D.Fla.1995); *In re Jacobs,* 154 B.R. 359, 360 (Bankr.S.D.Fla.1992); *In re Bradlow,* 119 B.R. 330, 331 (Bankr.S.D.Fla.1990); *In re Watson,* 116 B.R. 837, 838 (Bankr.M.D.Fla. 1990). Thus, bankruptcy courts now routinely avoid the fixing of judgment liens on Florida exempt homestead property to afford "full relief" to debtors. *Calandriello* at 376. A court of appeals recently adopted the same view in a Texas case, citing *Calandriello* with approval. *In re Henderson,* 18 F.3d 1305, 1311 (5th Cir.1994).

9. The court of appeals in *Henderson* wrote: "[W]e conclude that under Texas law Belknap's judicial lien did 'fix,' i.e., fasten a liability against the Hendersons' homestead—albeit an unenforceable one." *Id.* at 1309.

10. The *Henderson* court also wrote that: "Because Belknap's 'unenforceable' lien creates a cloud on the Hendersons' title to their homestead, making it difficult if not impossible to obtain title insurance, we believe that Belknap's judicial lien "impairs," i.e., weakens, makes worse, lessens in power, diminishes, and affects in an injurious manner, their homestead exemption." *Id.* at 1310.

These arguments miss the mark for several reasons. First, this ruling is not antagonistic to the underlying Congressional policy as expressed in the enactment of the 1994 amendments to Section 522 of the Bankruptcy Code. Congress desired to preclude and prohibit the use of the Bankruptcy Code as a means of avoiding marital and support obligations, leaving state and federal enforcement mechanisms in place. There is no indication that Congress intended the amendments to the Bankruptcy Code to provide a remedy that would otherwise be unavailable in state or federal law. In this case, because the judgment is against the debtor/husband only and the property as to which the lien attaches is owned by the debtors jointly as tenants by the entireties, the judgment may not be enforced against the property as a matter of state law regardless of the nature of the underlying debt upon which the judgment was entered. The lienholder, therefore, is in no worse position than she was pre-petition.

■ Second, the underlying debt secured by the judgment lien in question is not affected by this decision. Under Section 523(a)(5) of the Bankruptcy Code, the debt itself is not discharged. It remains fully enforceable other than against this homestead property. As to avoiding the lien, of course, Section 522(f) has always been available for debtors to protect their exemptions by avoiding liens even if the underlying debts securing those liens remain enforceable and are not discharged. *In re Ash,* 166 B.R. 202, 204 (Bankr.D.Conn. 1994); *In re Gartrell,* 119 B.R. 405, 406 (Bankr.W.D.N.Y.1990); *In re Ewiak,* 75 B.R. 211, 212–13 (Bankr.W.D.Pa.1987).

Third, this is not a case in which the debtor/husband has transferred assets from one form of ownership to another in an effort to defraud this lienholder or to place assets out of her reach. In those circumstances, of course, other remedies are available to set aside such fraudulent transactions. *See, e.g., In re Bandkau,* 187 B.R. 373, 381 (Bankr. M.D.Fla.1995); *In re Coplan,* 156 B.R. 88, 92 (Bankr.M.D.Fla.1993). Indeed, the lienholder here did not even record her judgment against the debtor/husband until well after the debtors acquired and established their homestead.

Because the real property is held in an estate by the entireties, each spouse owns the "entirety" or the whole of the property. In these circumstances, therefore, the debtor/wife, to whom the child support judgment exception does not apply, may avoid the fixing of this lien to her property—which happens to be the "entirety" or the whole of the property.

### Jurisdiction

The court has jurisdiction of the parties and the subject matter pursuant to the provisions of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.,* 28 U.S.C. § 1334, 28 U.S.C. § 157(a), and the standing, general order of reference entered by the district court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b) and a contested matter governed by the Federal Rules of Bankruptcy Procedure, including F.R.B.P. 9014.

### Conclusion

For these reasons, the court concludes that the 1994 amendments to the Bankruptcy Code preclude the debtor/husband from avoiding the fixing of the judgment lien on the debtors' homestead property. The amendments do not, however, preclude the debtor/wife from avoiding the fixing of the lien. Because the debtor/wife has otherwise established all the requirements of Section 522(f), the court will grant her motion and avoid the lien. In so holding, the court recognizes that the debtor/ husband, as well as the debtor/wife, will benefit from the avoidance of the lien. Although anomalous at first blush, this result is consistent with the form of ownership of the property and the treatment such property receives in bankruptcy.

Pursuant to the provisions of F.R.B.P. 9021, the court will enter a separate judgment consistent with this decision.