**In re Patricia Lee McFADYEN, Debtor.**

**Bankruptcy No. 97–2870–BKC–3F3.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 20, 1998.

Keith H. Johnson, Jacksonville, FL, for Debtor.

Monica Howland, Special Assistant United States Attorney, Jacksonville, FL, for United States.

Mamie L. Davis, Jacksonville, FL, Chapter 13 Trustee.

*FINDINGS OF FACT AND
CONCLUSIONS OF
LAW*

JERRY A. FUNK, Bankruptcy Judge.

This Case is before the Court on an Objection to Claim 8 (Doc. 29) and a Motion to Value Federal Tax Lien (Claim 8) (Doc. 28), both filed by Patricia Lee McFadyen ("Debtor"). The Court held a hearing on November 26, 1997. Based on the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law.

*FINDINGS OF FACT*

The parties entered a Stipulation of Facts concerning the background facts of this Case. (Doc. 46). The Debtor purchased her homestead residence (the "Property") in October of 1992 in her sole name as a single woman. Her name at that time was Patricia Lee Sevier. In November 1993, the Debtor quitclaimed the deed from herself to herself and Daniel John McFadyen II ("McFadyen"). The Debtor and McFadyen married November 26, 1994. The Debtor has resided at the Property from October 1992 when she purchased it until the present date. The Internal Revenue Service ("I.R.S.") filed a Notice of Federal Tax Lien with Clay County Official Records on October 16, 1995 for the taxable years 1990, 1991, and 1992. The parties stipulate that if the Debtor's Property were sold as of the petition filing date, the amount realized would be $85,500.00. The Property is encumbered by a first mortgage in favor of Francis Spede dated October 30, 1992. The amount of the first mortgage due and owing as of the petition filing date is $63,559.73. The Debtor had failed to pay the ad valorem property tax on the Property for a number of years. The Property was scheduled to be sold for taxes on May 21, 1997. The Debtor was required to pay $4,774.86 to redeem the tax certificates in full. Debtor recently filed income tax returns for the following years, which reflected the following tax liability:

| Year | Tax per Return |
|------|----------------|
| 1993 | $1,811 (per Amended Return) |
| 1994 | $2,207 |
| 1995 | $ 784 |
| 1996 | $ 797 |

The Court held a hearing on November 26, 1997 where the following relevant facts came to light. The Debtor filed her voluntary Chapter 13 Petition on April 17, 1997 (Doc. 1). On Schedule A, "Real Property," Debtor listed as her "Homestead" property located at 1806 Farm Way, Middleburg, FL, ("Property") with a current market value of her interest in the Property without deductions for any secured claim or exemption as $82,-000. (Schedule A). She listed the amount of a secured claim on the Property as $67,-103.12. (Schedule A). Debtor also listed the Property on Schedule C as exempt pursuant to Article X, Section 4 of the Florida Constitution as her homestead. (Schedule C). On Schedule D, Debtor listed Francis Spede as holding a secured claim, a "Purchase Money Mortgage" in the amount of $63,500. (Schedule D).

The I.R.S. filed Proof of Claim 8 in the amount of $18,927.73: $8,017.33 as secured, representing taxes for years 1990–1992 and $10,910.40 as unsecured, priority, representing estimated taxes for years 1993–1996.

On September 25, 1997, Debtor filed a Motion to Value Federal Tax Liens (Claim 8) pursuant to 11 U.S.C. §§ 502 and 506(a) (Doc. 28) and an Objection to Claim 8 (Doc. 29). Both the Motion and the Objection claim that the amount of the I.R.S.'s secured claim should be equal to the fair market value of the property owned by the Debtor as of the petition date, which equals $2,700, the value of her personal property listed in Schedule B. Debtor further asserts that her interest in the Property is valueless under any accepted valuation method.

The I.R.S. filed a Response to both the Motion to Value (Doc. 35) and to the Objection to Claim 8 (Doc. 34), in which the I.R.S. claims that it has valid secured claims for 1990, 1991, and 1992, which are secured by the Debtor's equity in her Property.[1] Be-

---

1. The I.R.S. also addressed the Debtor's Objection to the estimates for tax years 1993, 1994, 1995, and 1996, stating that because Debtor failed to file tax returns the estimates were neces-

sary and valid. Subsequent to the filing of the Response, the Stipulation of Facts was filed between the parties on November 26, 1997, in which the I.R.S. asserted that, consistent with

cause the Debtor concedes secured status by the I.R.S. of $2,700, the I.R.S. contends that the balance of its secured claim, $5,317.33, is secured by virtue of Debtor's ownership in the Property. The I.R.S. further contends that because the assessment for the 1991 taxes was made on June 10, 1991, prior to any conveyance by the Debtor, this assessment in the amount of $964.70 is secured by 100% of the value of the Property. Furthermore, the I.R.S. asserts that the balance of its secured claim, $4,352.63 ($5,317.33 minus $964.70) is secured by virtue of the Debtor's current ownership in the Property. The equity in the Property is $17,165.41.[2] The I.R.S. claims that the fair market value of the Debtor's interest in the Property is either (a) 100% of the equity in the Property or $17,-165.41; (b) 50% of the equity in the Property or $8,582.70; or (c) 95% of the equity as she listed her interest on Schedule B as $82,000 and stipulated that the fair market value is $85,500, therefore, making her interest 95% of the total equity or $16,307.13.

### CONCLUSIONS OF LAW

The issue the Court is called upon to decide is how much additional value is to be given to the secured claim of the I.R.S. by virtue of the fact of the Debtor's ownership interest in the Property, which is her homestead. It having been established that the I.R.S. has filed a secured claim for $8,017.33 for tax years 1990, 1991, and 1992, and the Debtor has conceded that the I.R.S. is secured to the extent the $2,700 in Debtor's nonexempt personal property, the Court must specifically determine what of that balance, $5,317.33, is secured by Debtor's current ownership in the Property.

First addressing the issue of whether the I.R.S. can have a secured lien on the Debtor's Property as it is her homestead, the Court finds that Section 6321 of the Internal Revenue Code provides for a Federal Tax Lien to attach to any property owned by the taxed party, stating in pertinent part:

> If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321 (1997).

Section 522 of the Bankruptcy Code allows for a debtor to exempt certain property from the estate. 11 U.S.C. § 522 (1997). Pursuant to Section 522(b), Florida has opted out of the federal exemptions found in Section 522(d); therefore, the exemptions available to a debtor filing in the state of Florida are those proscribed by Florida law. The exemption at issue in this Case is the homestead exemption, as set forth in Article X, Sec. 4 of the Florida Constitution.[3] However, Section 522(c)(2)(B) provides that property exempted under this section remains liable for any debt if it is "a debt secured by a lien that is—... a tax lien, notice of which is properly filed." 11 U.S.C. § 522(c)(2)(B) (1997). Furthermore, Section 6334 of the Internal Revenue Code lists categories of property that are exempt from levy and provides no exception for homestead property. 26 U.S.C. § 6334. "[T]he ... homestead exemption does not erect a barrier around a taxpayer's home sturdy enough to keep out

---

Debtor's returns, the tax for 1993 is $1,811, for 1994 is $2,207, for 1995 is $784, and for 1996 is $797.

2. The I.R.S. calculates this number by starting with the stipulated fair market value of $85,500, minus the outstanding encumbrance of a first mortgage of $63,559.73 and ad valorem taxes of $4,774.86, which totals $17,165.41.

3. The Florida Constitution defines the homestead exemption as:
   (a) There shall be exempt from forced sale under process of any court, and no judgment,

decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
   (1) a homestead ... if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family ....
Fla. Const. Art. X, § 4(a)(1).

the Commissioner of Internal Revenue." *Thompson v. Adams,* 685 F.Supp. 842, 846 (M.D.Fla.1988) (quoting *U.S. v. Estes,* 450 F.2d 62, 65 (5th Cir.1971)). *In re Carr,* 185 B.R. 892, 894 (Bankr.M.D.Fla.1995), addressing a similar issue of the ability of a debtor to claim a homestead as exempt from an attached tax lien, held "[t]he filing of a petition for relief under the Bankruptcy Code does not extinguish a valid and enforceable security interest held by the I.R.S. The declaration of her homestead as exempt property does not affect any valid liens against it." Similarly, in the Case at bar, the I.R.S. has the right to place a lien on Debtor's homestead. Therefore, the fact that the Property is the Debtor's homestead does not affect the ability of the I.R.S. to attach a valid lien against the Property.

As to the Debtor's interest in the Property, the I.R.S. argues that the tax year 1990 was assessed on June 10, 1991 in the amount of $964.70 and that because this assessment was prior to the conveyance of any ownership interest by the Debtor to McFadyen, which occurred in November 1993, pursuant to 26 U.S.C. § 6321 et seq.,[4] 100% of the value of the Property is available to secure this portion of the Claim. Although the Court does find these facts to be true, the "credit" that the I.R.S. seeks for these taxes on the balance of the secured claim is irrelevant. The fact that the I.R.S. has a lien on McFadyen's interest in the Property, which is non-estate property, is irrelevant to the issue before the Court.

▮ Therefore, without "crediting" the I.R.S. for the $964.70 that is secured in 100% of the Property, the Court now determines whether the full balance of $5,317.33 is secured by the Debtor's interest in the Property. In *In re Willoughby,* 212 B.R. 1011 (Bankr.M.D.Fla.1997), the bankruptcy court examined the issue of homestead property held by tenants in common in Florida. The court found that

[i]f there are two persons owning a particular property in a tenancy in common, each typically owns an undivided one-half interest in the property. Each may freely transfer or encumber his or her undivided one-half interest without transferring or encumbering the undivided one-half interest owned by the other.... An undivided interest in property owned by one person in a tenancy in common is like any other asset that person owns as far as the person's creditors are concerned. A creditor may levy and execute on the interest. Similarly, a judgment lien will attach to the undivided interest of one tenant in common without attaching to the undivided interest of the other tenant in common.

*Id.* at 1015–16.

It is undisputed and stipulated to that the Federal Tax Liens filed on October 16, 1995 were timely filed and enforceable against all property and rights to property belonging to the Debtor in Clay County, Florida. Furthermore, it is without question that a creditor, in this case, the I.R.S., can attach a party's interest in property even if he owns as a co-tenant. Therefore, the balance of the I.R.S.'s claim is fully secured by virtue of the Debtor's interest in the Property.

Although both parties addressed the amount of the Debtor's interest and expounded on the different valuation methods, the Court finds both parties confused the issue which is as simple as A.B.C: (A) Debtor, as a co-tenant, has an undivided one-half interest in the Property; (B) the parties stipulated that the fair market value of the Property is $85,500; (C) the fair market value minus the first mortgage of $63,559.73 and the $4,774.86 in ad valorem taxes leaves approximately $17,000 of equity in the Property. Therefore, one-half of $17,000 is in excess of the balance of the I.R.S.'s secured claim of $5,317.33, and therefore, I.R.S. is fully secured.

---

4. As explained above, Section 6321 provides that a lien in favor of the United States shall be a lien "upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. Section 6322 of the Internal Revenue Code provides the lien arises at the time of the assessment, stating in pertinent part "[t]he lien imposed by section 6321 shall arise at the time the assessment is made and shall continue until the liability for the amount so assessed ... is satisfied or becomes unenforceable by reason of lapse of time." 26 U.S.C. § 6322.

## *ORDER OVERRULING OBJECTION TO CLAIM 8 AND GRANTING MOTION TO VALUE FEDERAL TAX LIENS*

This Case is before the Court on an Objection to Claim 8 (Doc.29) and a Motion to Value Federal Tax Lien (Claim 8) (Doc.28), both filed by Patricia Lee McFadyen ("Debtor"). The Court held a hearing on November 26, 1997. Based on the Findings of Fact and Conclusions of Law separately entered, it is

**ORDERED:**

1. The Objection to Claim 8 is **overruled.**

2. The Motion to Value Federal Tax Lien is **granted.** The Court finds that Claim 8 of the I.R.S. for 1990, 1991, and 1992 federal income taxes is fully secured.