DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GRETCHEN MILLER,**
Appellant,

v.

**WASHINGTON MUTUAL BANK,** f/k/a **WASHINGTON MUTUAL BANK, FA,**
Appellee.

Nos. 4D14-2290 & 4D14-2654

[January 6, 2016]

Consolidate appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Howard H. Harrison, Senior Judge; L.T. Case No. 2008CA013001XXXXMB.

Jeffrey Begens of Law Office of Jeffrey Begens, P.A., Palm Beach Gardens, for appellant.

Candy L. Messersmith, Suzanne B. Hill, and David C. Willis of Rumberger, Kirk & Caldwell, Orlando, and Elizabeth T. Frau of Ronald R. Wolfe & Associates, P.L., Tampa, for appellee.

LEVEY COHEN, MARDI, Associate Judge.

Gretchen Miller appeals the trial court's issuance of a certificate of title and final judgment of foreclosure. Miller claims that she and her husband co-owned the residential property that was the subject of the foreclosure action, and since her husband was an indispensable party that was not included in the action, it was error to issue a certificate of title. We agree and reverse.

In 2008, Washington Mutual Bank ("the Bank") filed a foreclosure claim against Gretchen Miller and her husband, Keith Miller, on residential property they co-owned. The mortgage on the property reflected that Gretchen Miller was the sole signer and borrower. Initially, Gretchen Miller and her husband moved to dismiss the action claiming that since only Gretchen Miller executed the mortgage, her husband could not be a party to the action. The trial court denied the motion. Subsequently, and

for no explainable reason, the Bank voluntarily dismissed Gretchen Miller's husband from the action.

Following a trial held in April of 2014, the court entered judgment of foreclosure in favor of the Bank. The property was sold pursuant to the judgment and the clerk issued a certificate of title. Gretchen Miller moved to vacate the sale and final judgment and objected to the issuance of the certificate of title. After a hearing, the trial court denied Miller's motion. This appeal ensued.

The residential property in question was owned by husband and wife, and as such was being held as a tenancy by the entirety. *See Beal Bank, SSB v. Almand & Assocs.*, 780 So. 2d 45, 54 (Fla. 2001). The Bank was well aware of their co-ownership as it initially filed the complaint against both husband and wife and also provided to the court a deed showing that the property was transferred to Gretchen Miller and Keith Miller as husband and wife. The record and pleadings are uncontroverted as to the husband and wife co-owning the property at the time of the foreclosure action.

Property that is owned by husband and wife as tenants by the entirety cannot satisfy the debt of one tenant alone. *Neu v. Andrews*, 528 So. 2d 1278, 1279 (Fla. 4th DCA 1988). *Rocketrider Pictures, LLC v. BankUnited*, 138 So. 3d 1223 (Fla. 3d DCA 2014), presents a situation similar to the instant case. There, the appellate court held that property owned by husband and wife as tenants by the entirety was not subject to sale where foreclosure was entered only against the wife's interest in the property. *Id.*

Gretchen Miller and her husband co-owned residential property as tenants by the entirety. Insofar as the foreclosure judgment was only against the wife but not the husband, and the husband was an indispensable party, the certificate of title cannot issue. Accordingly, we reverse the final judgment of foreclosure as well as the trial court's order denying Gretchen Miller's objections to the judicial sale and issuance of certificate of title.

*Reversed.*

WARNER and CONNER, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**

2