DELL, J.
Sunshine Resources, Inc. (Sunshine) appeals a final order and judgment entered in its action for proceedings supplementary against James C. Simpson (James), Lorraine T. Simpson (Lorraine) and Rin-nie K. Simpson (Rinnie).
Sunshine recovered a judgment for compensatory and punitive damages in the amount of $19,430,480.00 against James, *1080 LTS Business Trust and Keith Jolly. After an attempt to satisfy the judgment by writ of execution, Sunshine filed a verified motion for proceedings supplementary to execution and for impleader of third parties: Lorraine Simpson, James’ wife, and Rinnie K. Simpson, James’ mother. The trial court granted Sunshine’s motion to implead Lorraine and Rinnie.
Sunshine alleged that James fraudulently transferred assets to his wife, mother and others in an attempt to avoid execution of its judgment. Sunshine claimed the following transfers were fraudulent and should be set aside: The conveyance of certain real property located at 4365 S.W. 52nd Street in Fort Lauderdale; payments made from $700,000.00 received from “the Hooley Settlement” to California Federal in the amount $113,834.29; to Lorraine Simpson in the amount of $123,-115.16; several credit card transfers; a $47,000.00 payment to Phil Smith and satisfaction of a mortgage on a home located in Coral Springs. Appellant also seeks one-half of the rental income from five properties.
After an evidentiary hearing, the trial court set aside the conveyance of the 4365 S.W. 52nd Street property to the Lorraine T. Simpson Living Trust. The trial court’s order effectively restored title to the property in the name of James and Lorraine Simpson, with a life estate to Rinnie Simpson. The trial court also found Sunshine’s judgment superior to a $65,000.00 mortgage placed on the property after the entry of its judgment.
The trial court concluded that the Hoo-ley Settlement proceeds were exempt from garnishment or execution and levy by Sunshine because those funds represented James’ wages. See § 221.11, Fla. Stat. (1995). The trial court denied relief with respect to the credit card transactions concluding that the credit card companies were not joined as indispensable parties and the payments were not otherwise improper. The court found that the Coral Springs property was held by James and Lorraine as tenants by the entirety and therefore was not subject to execution and levy by James’ creditors. The court also found that the rental income on five separate properties was not subject to execution and levy because the properties were held as tenants by the entirety.
Sunshine contends the trial court erred when it determined that the Hooley Settlement proceeds were exempt from execution and failed to find that the transfers made from the settlement proceeds were fraudulent. Sunshine also contends that the trial court erred when it failed to determine that James’ interest in the 4365 S.W. 52nd Street property was subject to execution, failed to find that payment of the mortgage on the Coral Springs property was a fraudulent transfer and determined that Sunshine was not entitled to execute on the rental income. We affirm.
First, Sunshine contends the Hooley Settlement proceeds were not exempt from execution as wages under section 222.11, Florida Statutes. Sunshine argues that James, Lorraine and Rinnie waived this defense by failing to raise it as an affirmative defense in their pleadings and by failing to prove that the settlement proceeds satisfied the requirements of the “wage” exemption.
During the evidentiary hearing, James’ counsel introduced James’ 1990 employment agreement, which furnished the basis for the $700,000.00 settlement proceeds. Sunshine’s attorney stated, “The only question what is the relevance of the agreement?” to which James’ attorney responded, “The Hooley Settlement, as you will recall, has been discussed on and on through these proceedings supplementary. The Hooley Settlement Agreement, which I will introduce next, relates back to the Hooley Employment Agreement.” The agreement was then received into evidence. Sunshine’s attorney did not object to its introduction. The Settlement Agreement made reference to the employment agreement stating that the $700,000.00 *1081 paid to James was for “lost income.” James testified over objection that it was his understanding that the monies were paid for his wages. The court permitted this response, concluding that the agreement spoke for itself. James also testified that he paid taxes on the settlement proceeds, and evidence was presented that James was the head of the household.
Lorraine testified that she worked for an insurance company for twenty-two years until December 30, 1996. She also testified, without objection from Sunshine, that she made seventy to seventy-five thousand dollars per year. At that time, James’ base salary was a minimum of $100,000.00 a year under the terms of the employment agreement, without including any benefits. We hold that the issue of the exemption pursuant to section 222.11 was tried by consent of the parties pursuant to Florida Rule of Civil Procedure 1 .190(b). See Joseph Bucheck Constr. Corp. v. W.E. Music, 420 So.2d 410, 415 (Fla. 1st DCA 1982), rev. denied, 429 So.2d 6 (Fla.1983). We also hold that the record supports the trial court’s conclusion that the Hooley Settlement proceeds were exempt as wages pursuant to section 222.11, and therefore did not result in fraudulent transfers. See § 222.11(3), Fla. Stat.
Sunshine cites Ellis Sarasota Bank & Trust Co. v. Nevins, 409 So.2d 178 (Fla. 2d DCA 1982), and argues that even if the Hooley Settlement proceeds were exempt under section 222.11, once the proceeds were paid to James, they were no longer subject to the exemption. This argument lacks merit. Here, the $700,000.00 settlement was properly identified as earnings, and the funds were used to pay off antecedent debts within six months of their receipt: The settlement was signed in April of 1996, and the payments that Sunshine challenges were made in May of 1996. The record also shows that the challenged payments were made more than five months before the Writ of Execution was issued on November 21,1996.
Second, Sunshine contends that after concluding that the transfer by James, Lorraine and Rinnie to the Lorraine T. Simpson Living Trust was fraudulent and returning title to its prior status, a life estate in Rinnie and a remainder interest in James and Lorraine, the trial court should have attached a judgment lien to James’ 50% remainder interest in the 4365 S.W. 52nd Street property. Because the remainder interest in the property is held by James and Lorraine as tenants by the entirety, see § 689.15 (1995); In re Silvian’s Estate, 347 So.2d 632, 633-34 (Fla. 4th DCA 1977), James’ interest in the property is not available to satisfy a judgment against him as an individual. See Hurlbert v. Shackleton, 560 So.2d 1276, 1278 (Fla. 1st DCA 1990).
Third, Sunshine argues that James fraudulently conveyed funds when he paid a $26,000.00 second mortgage on the Coral Springs property jointly owned by James and Lorraine. However, “it is not fraudulent to give the funds to some but not all existing creditors, even though the effect might be to injure or prejudice an existing creditor who was not chosen to receive the debtor’s largesse.” Jacksonville Bulls Football Ltd. v. Blatt, 535 So.2d 626, 629 (Fla. 3d DCA 1988). James had the right to pay the mortgage and the payment was merely a preferential transfer to one creditor. The $26,000.00 transfer was not fraudulent even though its “natural effect [wa]s to hinder or delay the non-preferred creditors.” Id. at 629.
Finally, Sunshine contends that the trial court erred in failing to enter a judgment against Lorraine for 50% of the rental income on five properties. The record supports the trial court’s determination that each of the rental properties were owned by James and Lorraine as tenants by the entirety. See In re Silvian’s Estate, 347 So.2d at 633-34. Because the properties are held by James and Lorraine as tenants by the entirety, the rental income from the properties are also tenancy by the entirety property, and are free from *1082 attachment by creditors of one spouse. See Hurlbert, 560 So.2d at 1278-79; Miller v. Rosenthal, 510 So.2d 1127, 1128 (Fla. 2d DCA 1987).
Accordingly, we affirm the final judgment in all respects.
AFFIRMED.
POLEN, J., concurs.
FARMER, J., dissents with opinion.